## SUPREME COURT.

JOSEPH BURNETT, Respondent, agt. THOMAS HARKNESS, 3d, Appellant.

No appeal can be taken to the Supreme Court from the order of the County Court reversing the judgment of a justice of the peace, where the County Court has ordered a new trial, for the reason that the County Court does not give any final judgment and there is no provision for the entry of a judgment in such a case in the County Court.

Where an appellant elects to dismiss his own appeal he must enter an *order* to that effect *and pay the respondent's costs*. A written notice served on the respondent that the appeal has been dismissed, is not sufficient—nor is an order to that effect, without the payment of the costs.

This suit was commenced in a Justice's Court in Delaware county and the cause tried before a justice and a jury, and resulted in a verdict

for the defendant, upon which a judgment was entered, and the defendant appealed to the Delaware County Court, and in which court the judgment of the justice was reversed and a new trial ordered, and the defendant appealed to this court, and the cause was noticed for argument at the last March general term at Delhi, and the court refused to hear the cause for the reason that no appeal was permitted in such a case ; and the plaintiff now moves to dismiss the appeal. Before the papers were served for this motion, the attorneys for the defendant served a written notice upon the plaintiff's attorney, that the court having treated this appeal as a nullity, the same was annulled and superseded.

MASON, Justice.——The appeal in this case, both to the County Court and this court, was made under the act of April 12th, 1848. (Chap. 379 of the Laws of 1848, page 555.) It has been repeatedly decided in this court, that no appeal could be taken to this court from the order of the County Court reversing the judgment of a Justice of the Peace where the County Court had ordered a new trial, for the reason that the County Court did not give any final judgment, and that there is no provision for the entry of a judgment in such a case in the County Court. I take it to be well settled that the appeal in this case can not be sustained. It is said, however, that the papers show that the appellant has elected to dismiss his own appeal, and that for this reason this motion should be denied. I do not understand, from the opposing affidavits, that any order dismissing the appeal has been entered in this cause. There is nothing more than the service of a notice upon the respondent's attorney that the appellant regarded the appeal as a nullity, and that the same was superseded. I do not think it could change the case in any respect, if the appellant had entered an order dismissing the appeal on his own motion, unless he had also paid the costs. The respondent may treat such a rule as a nullity. There is no precedent for making such a rule the foundation of a judgment of discontinuance. The party against whom such a rule is entered may treat it as a nullity, and proceed the same as though it were never entered. (7 Hill's R. 197; 10 J. R. 367; 1 W. R. 13; 7 W. R. 511; 12 W. R. 191; 2 Hill's R. 384; 4 Hill's R. 166.) Such I regard the well settled practice. It follows, therefore, that this appeal must be dismissed, and I do not see any reason in the case why the appellant should be exempted from the costs of the appeal, and of this motion. The appeal must be dismissed with costs to the respondent on the appeal, and ten dollars costs of this motion, and I do not see how we can afford any relief on this motion to the appellant in the matter complained of in his opposing affidavits.

If the respondent in this case has obtained a judgment in the manner stated in these affidavits, this appellant is not remediless. He has his action for such a fraud and breach of good faith, but I do not see how we can afford him any relief on this motion. This motion to dismiss the appeal must be granted with costs, and the respondent have his costs of the appeal.