## SUPREME COURT.

### WILLIAM R. DOTY agt. ROSWELL S. BROWN.

Where the Court of Appeals dismissed an appeal with costs, and remitted the proceedings to the Supreme Court to be proceeded upon, &c. And, on motion in the latter court for judgment upon the remittitur, it was objected that the former court never acquired any jurisdiction over the cause, consequently had no authority to dismiss the appeal, and award the general costs on the appeal. *Held,* that of the former court acted without authority, its judgment and proceedings were *void,* and formed no bar to a remedy brought in opposition to them. That the jurisdiction of any court exercising authority over a subject may be enquired into in every other court where the proceedings of the former are relied on, and brought before the latter, by a party claiming the benefit of such judgment or proceedings, (see authorities cited in the case.) The jurisdiction of a court of general jurisdiction is to be presumed, while that of an inferior and limited jurisdiction must be shown.
· (The decision of the Court of Appeals, on the dismissal, was concurred in.)
Costs in suits pending on the 1st day of July, 1848, except costs of motions therein, on final determination in the Court of Appeals, must be taxed under the fee bill and statute, regulating costs in the Court for the Correction of Errors. The code has no application to the costs in such suits, except costs upon motions.

*Chenango Special Term, June,* 1850.—In this case the plaintiff appealed to the Court of Appeals from the judgment of this court and perfected his appeal. But the bill of exceptions was alone returned by the clerk to the Court of Appeals, without the record, and the respondent moved to dismiss the appeal for that reason; which motion was granted with $10 costs, and also the costs of the appeal, and ordered a remittitur to this court: and it is claimed that no remittitur can be granted under the 12th section of the code in such a case; and the respondent now moves for judgment at special term, and the same is opposed.

D. GRAY, *for appellant.*

R. BALCOM, *for defendant.*

MASON, Justice.—This case comes before the court on motion for judgment upon a remittitur from the Court of Appeals to this Court. The Court of Appeals dismissed the appeal from this court with the costs of appeal and ten dollars costs of motion, and have sent the remittitur to this court to be proceeded upon according to law. The defendant's counsel claim and insist that the Court of Appeals never acquired any jurisdiction over the subject-matter of the cause, and consequently had no jurisdiction to dismiss the appeal, and award the general costs on the appeal. The plaintiff's counsel, on the contrary, contends that the judgment of the Court of Appeals, as contained in their remittitur is conclusive between the parties, so far as this court is concerned. I am not prepared to assent to the proposition contended for by the defendant's counsel. When a court has jurisdiction it has a right to decide any question which may arise in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every every other court. But if it act without authority, its judgments and orders are regarded as nullities. They are not merely voidable, but absolutely void, and form no bar to a remedy sought in opposition to them. And the jurisdiction of any court exercising authority over a subject may be inquired into in every other court where the proceedings of the former are relied on, and brought before the latter by a party claiming the benefit of such judgment or proceedings, *Elliott et al.* v. *Pursell et al.*, 1 Peters' U. S. R., 328; *Wilcox* v. *Jackson*, 13 id. 511; 2 Howard U. S. R. 43; 3 id. 750, 762, 763; *Borden* v. *Fitch*, 15 J. R. 141; *Mills* v. *Martin*, 19 J. R. 33; *Sutton* v. *Edgerton*, 9 Cow. R. 227; *Adkins* v. *Browner*, 3 Cow. R. 206; 1 Hill R. 130; 5 id. 285.)

The rule is a familiar one that as to courts of general jurisdiction, like the Court of Appeals in this state, its jurisdiction is to be presumed while that of courts of inferior and limited jurisdiction must be shown by the party claiming under them, as their authority will not be presumed for their judgments, (see cases above cited.) I have, therefore, looked into the papers before me on this motion to ascertain whether they overcome the presumption of jurisdiction which the law attaches to all judgments in that court, and I have not been able to discover that the papers show a want of jurisdiction in this case. The judgment of the Supreme Court was perfected and was a final judgment from which an appeal would lie under section 11 of the code; and there is no question made but that the appellant had complied with section 334, so as to render the appeal effectual.

The return of the clerk of Chenango county to the Court of Appeals

shows that there is a record as well as bill of exceptions while the clerk returns only the bill of exceptions with the order of September 4th, 1849, omitting the record of judgment. By the third rule of the Court of Appeals, if the clerk's return be defective, either party may, on an affidavit specifying the defect, apply to one of the judges of that court for an order that the clerk make a further return without delay. This might have been done for aught appears in the papers before me. If I go out of the papers and consider the fact which I am in possession of from another motion which was before me in this cause at the same term, to-wit, that the bill of exceptions, although filed, was not inserted in the record, then I do not think it presents a case where the appellate court is without jurisdiction. I know that rule 2d of the Court of Appeals, provides that the appellant shall cause the proper return to be made and filed within twenty days, and says if he omit to do so he shall be deemed to have waived the appeal. But even this rule does not take away jurisdiction of the appellate court, unless the party has actually proceeded under it and entered the order dismissing the appeal, which was not done when the motion was made before that court to dismiss the appeal; and the notice which Mr. Gray, the attorney for the appellant, served upon Mr. Balcom, was a mere nullity (*Bennett* v. *Harkness* 4 How. Pr. Rep. 158,) and cannot be regarded as a discontinuance of the appeal. And I have not been able to learn from the papers before me on this motion that the court of appeals dismissed the appeal for the reason that they had no jurisdiction of the appeal. I infer, on the contrary, that the appeal was dismissed because of a defect in the clerk's return in omitting to send the record with the bill of exceptions. It cannot be said that the court have no jurisdiction because the clerk has made a defective return. The appeal in this case was perfect on service of the notice of appeal and executing the undertaking provided by section 334 of the code; and if the appellant had procured an order of the court below within twenty days to annex to the bill of exceptions the judgment-roll and had the clerk returned the record also, the appeal would not have been dismissed.

But it is said by the plaintiff's attorney, that section 12 of the code does not authorize the Court of Appeals to send a remittitur to this court when that court dismisses the appeal. The determination of this question depends upon the construction which is given to that section, and the Court of Appeals have held in two cases at the Janunry term, 1850, that it does, and hence adjudged the very question in the case under consideration, and which it ill becomes this court to review, (4 How. Pr.

R. 184.) The motion in this case must therefore be granted, and the defendant must have judgment for the costs of the appeal and ten dollars costs of motion to dismiss the appeal.

And as a question was raised on the motion as to what costs the respondent was entitled to, I may as well settle that question now and save another motion in this cause. The costs are governed by the fee bill as contained in the Revised Statutes and are to be taxed by an officer authorized to tax costs in such cases.

By section 8 of the code, none of the sections of title 10 of the code, *"entitled of the costs in civil actions,"* are applicable to civil actions commenced in the courts of this state before the 1st day of July 1848, unless otherwise provided therein.

Now the only provision in relation to applying any part of title 10 to suits pending on the 1st day of July 1848, is found in the act entitled " an act to amend an act entitled an act to facilitate the determination of existing suits in the courts of this state," passed April 11, 1849, and which applies section 315 alone, and which is the section in relation to costs on motion, &c. It follows, therefore that the code, so far as costs are concerned, except as to costs upon motion, has no application to any suit pending in the courts of this state on the 1st day of July, 1848. And all such suits are left to their final determination, into whatever court they may be carried, to the effect of the former fee bill. The costs of the appeal in this case are to be taxed under the fee bill regulating costs in the Court for the Correction of Errors, as provided by the rules and practice of that court and the statutes in relation thereto, (2 W. R. 239; Graham's Pr. 977, 978, 2 ed.; 2 R. S. 622.)