[No. 1474. Decided October 18, 1894.]

ALLEN & POWELL, *Respondents*, v. JEROME CATLIN, *Appellant*.

DISMISSAL OF APPEAL — JUDGMENT AGAINST SURETIES ON APPEAL BOND.

The dismissal of an appeal upon motion of appellant will not oust the supreme court of jurisdiction to thereafter enter judgment in favor of respondents against the appellant and his sureties in the appeal bond, as under Laws 1893, p. 131, § 24, it is the duty of the court in affirming the judgment of the lower court to enter such judgment without motion therefor on the part of the respondent.

*Appeal from Superior Court, King County.*

*Relfe & McCutcheon*, for appellant.

*Allen & Powell*, for respondents.

The opinion of the court was delivered by

HOYT, J.—Defendant gave notice of appeal from a judgment rendered against him, and executed and filed a supersedeas bond. Thereafter he appeared in this court, and having filed a copy of the notice of appeal and of such bond, made a motion that his appeal be dismissed. This motion was granted, and an order made dismissing the ap-

peal. Upon the service upon respondents of a notice of the entry of such order, they filed in this court a copy of the judgment, and moved for judgment in this court for the amount of the judgment in the lower court, with interest and costs added, against the appellant and the sureties in the supersedeas bond. Appellant resists the entry of such judgment on the ground that this court having ordered the appeal dismissed has lost jurisdiction of the cause.

It is practically conceded on the part of the respondents that the appellant had a right to dismiss his appeal at any time, and we think that such right is undoubted, and that his motion to dismiss did not need to be served on the respondents before it could properly be presented for the action of the court; but we are satisfied that by thus dismissing his appeal he could not place the respondents in a worse situation than they would have been if, upon his neglect to prosecute the same, they had appeared, and, upon filing a short record, procured a dismissal or affirmance. And since under such circumstances the right of this court, upon motion of the respondents, to enter judgment here against the appellant and his sureties would have been unquestioned, it follows that the right so to do exists under the circumstances shown by this record.

Under the former statute the judgment here against the principal and sureties was only entered upon the request of the respondent, and for that reason no judgment further than that ordering the dismissal of the cause would be made until motion therefor had been filed by the respondent. It was for this reason that the order dismissing this cause was not followed by a judgment against the principal and sureties. An examination of the statute of 1893 has satisfied us that thereunder it was the duty of the court to have entered such judgment without waiting for any motion therefor on the part of the respondents.

Respondents' motion will be granted, and judgment entered as prayed for.

DUNBAR, C. J., and ANDERS, SCOTT and STILES, JJ., concur.