[No. 1561.  Decided October 26, 1894.]

RICHARD AGASSIZ, *Appellant*, v. DANIEL KELLEHER, *Re-
spondent*.

APPEAL — DISMISSAL BY APPELLANT — RIGHTS OF RESPONDENT.

Although an appellant has a right under Laws 1893, p. 119, to
dismiss his appeal with a view to a second appeal, such dismissal
will not be granted him without prejudice, but the supreme court
will retain jurisdiction for the purpose of affirming the judgment
in respondent's favor, in case the appellant fails to prosecute a
second appeal within the time limited by law.

*Appeal from Superior Court, King County.*

*M. L. Baer*, for appellant.
*Bausman, Kelleher & Emory*, for respondent.

The opinion of the court was delivered by

SCOTT, J. — Appellant moves to dismiss his appeal herein, without prejudice. Notice of the motion was given respondent, who appears and resists the same. The time for taking a second appeal has not yet expired, and appellant avows that his intention is to move for a correction of the judgment entry in the lower court, and to take another appeal therefrom.

The appeal act is silent with reference to the right of an appellant to dismiss his appeal, but in the case of *Allen v. Catlin, ante*, p. 603, we held that the appellant had such a right, and granted his motion to dismiss, of which no notice had been given to the respondents. Subsequently, however, the respondents appeared and moved for judgment against the appellant and his sureties upon the appeal bond, giving due notice thereof, and we held that, notwithstanding the prior dismissal, they were entitled to such judgment, and granted their motion. In that case there was no desire upon the part of the appellant to take a second appeal.

We are still satisfied that the appellant has a right to dismiss his appeal, and that the act in question (Laws 1893, p. 129, § 18), gives the respondent a right to move for a dismissal of an appeal and to combine therewith a motion for an affirmance of the judgment, and as § 24 (Laws 1893, p. 131) thereof authorizes him also to move for a judgment against the appellant and his sureties in the appeal bond, appellant cannot deprive the respondent of his rights in the premises by a voluntary dismissal.

The question presented here is somewhat complicated.

42 — 9 WASH.

Sec. 20 (Laws 1893, p. 130) provides that no dismissal which does not go to the substance of, or to the right of, the party to appeal shall preclude him from taking another appeal in the same cause within the time limited by law. We are not disposed to grant the dismissal in the language prayed for, viz., without prejudice; but in order to render the various parts of the act effectual, and to preserve the rights of all parties, we will grant what we will term a qualified dismissal; that is, we will allow the appellant to take an order dismissing his appeal, but we will retain, or will resume, jurisdiction of the cause for the purpose of permitting the respondent, after the time for taking an appeal has expired, to move for an affirmance of the judgment, and for damages, and for judgment against the appellant and his sureties on the appeal bond, etc., as provided in the act, and will withhold the question of costs until the final determination of the matter.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.

ANDERS, J., not sitting.