[No. 4264.   Decided June 26, 1902.]

HIRAM L. POST, *Respondent,* v. CITY OF SPOKANE, *Appellant.*

APPEAL — VOLUNTARY DISMISSAL — RIGHT' OF RESPONDENT TO AFFIRMANCE.

Where an appeal is dismissed upon the motion of appellant, the respondent is entitled to an affirmance of the judgment of the lower court, when the time limited by law within which another appeal may be taken from the same judgment' has already expired.

SAME — ATTACK UPON JUDGMENT AFTER AFFIRMANCE.

The supreme court has power to grant leave to attack judgments which it has affirmed, upon a showing being made to the satisfaction of the court that the ends of justice require it.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.   Affirmed.

*John P. Judson* and *A. H. Kenyon,* for appellant.

*Norman Buck, Sullivan, Nuzum & Nuzum* and *A. M. Craven,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On motion of appellant the appeal in this case was dismissed at appellant's costs. The written motion to dismiss states that the motion is made to enable appellant to present a petition to the superior court to set aside and vacate the judgment appealed from, based upon the discovery of documentary evidence after the appeal was taken, which, it is alleged, establishes the fact that respondent was many years ago paid by appellant for the same service for which the judgment was rendered. Respondent now moves for a judgment in his favor, and against appellant, affirming the judgment of the court be-

low, with costs of the appeal taxed in favor of respondent.

In *Allen v. Catlin,* 9 Wash. 603 (38 Pac. 79), the appeal was dismissed on motion of the appellant; and the respondents in that case afterwards moved for judgment in this court for the amount of the judgment in the lower court, with interest and costs added, against the appellant and the sureties in the supersedeas bond. The motion here is to the same effect, with the exception that no judgment is asked against sureties; the appellant being a municipal corporation, and no appeal or supersedeas bond being, for that reason, in the record. The appellant in the case cited resisted the entry of judgment on the ground that this court having ordered the appeal dismissed had lost jurisdiction of the case. It was, however, held that while the appellant had the undoubted right to move to dismiss his appeal, yet by so doing he could not place the respondents in a worse situation than they would have been in if, upon the appellant's neglect to prosecute the appeal, the respondents had appeared, and, upon filing a short record, had procured a dismissal or affirmance, and, further, that since, under such circumstances, the right of respondents upon their own motion to have judgment entered here against appellant and his sureties would have been unquestioned, it followed that the same right existed under the circumstances shown by the record.

In *Agassiz v. Kelleher,* 9 Wash. 656 (38 Pac. 221), the same rule was followed, and the court observed that the appellant cannot deprive the respondent of his rights in the premises by a voluntary dismissal. In the opinion in the last-named case, reference is made to § 20, p. 130, Laws 1893, which provides that no dismissal which does not go to the substance of or the right to the appeal shall preclude any party from taking another appeal in the same case

within the time limited by law. It was sought to dismiss that appeal without prejudice to the taking of another appeal. The court declined to grant the dismissal absolutely and without prejudice, but in order to render the various parts of the statute effectual, and to preserve the rights of all parties, granted what was termed a "qualified dismissal;" that is to say, the appellant was permitted to take an order dismissing his appeal, but the court retained jurisdiction of the cause for the purpose of permitting the respondent, after the time for taking the appeal had expired, to move for an affirmance of the judgment. In the case at bar, however, there is no occasion for such qualified dismissal, since the time limited by law within which another appeal may be taken from the judgment in the cause has long since expired.

On the authority of the above cases, the respondent here has the undoubted right to have the judgment affirmed. The motion is therefore granted, and the judgment is affirmed with costs taxed against appellant.

While respondent's right to have the judgment affirmed upon the record seems clear under the rule heretofore established by this court, yet we do not mean to be understood as holding at this time that appellant has no remedy whatever, based upon the alleged facts stated in its motion to dismiss the appeal as hereinbefore recited. Upon satisfactory showing being made in this court, leave has been granted in some instances to attack judgments which have been affirmed here. We are not, however, aware of any published decision which shows such leave to have been granted. It is manifest that this court must reserve to itself the right to determine each particular case from the showing made, and no general rule can be announced as applicable to all cases. Certainly no permission can be

granted to disturb the judgments affirmed or entered by this court unless it is made reasonably to appear that the ends of justice require it. But the precedent of entertaining and considering such applications has already been established. Since our published reports contain nothing upon this subject, as far as we are now informed, we have thought it proper to make these observations in this connection, in order that the precedent established may be more generally understood.

REAVIS, C. J., and WHITE, MOUNT, FULLERTON and DUNBAR, JJ., concur.

### PETITION FOR LEAVE TO VACATE JUDGMENT.

PER CURIAM.—The judgment of the court below in this cause having been affirmed by this court, the appellant by petition now filed here asks leave to file its petition in the superior court to vacate the judgment on the ground that the same was wrongfully obtained in that the demand sued upon had long before been paid and satisfied, together with other grounds stated in the petition. The showing is such that we believe the ends of justice demand that an opportunity shall be given for an investigation of the matters set forth in the petition. The prayer of the petition is therefore granted, and leave is hereby given appellant to file its said petition in the superior court and for that court to proceed and hear the same.