[No. 5909. Decided November 6, 1905.]

*In the Matter of the Petition of the City of Seattle.*[1]

APPEAL—ABANDONMENT—RIGHT OF RESPONDENT TO DISMISSAL AND COSTS. The supreme court acquires jurisdiction of an appeal by the giving of notice and filing of a proper bond, after which the appellant cannot dismiss the appeal as a matter of right, and by service of notice; but the dismissal must be by order of court, and if not procured at the cost of appellant, the respondent may procure it with costs and an attorney's fee.

SAME—STATUTORY COSTS AND ATTORNEY FEE—AGAINST EACH OF SEVERAL APPELLANTS. Upon the dismissal of an appeal from an order of confirmation in a street condemnation proceeding, in which many of the property owners perfected appeals and then abandoned them, the respondent city is entitled to tax but one bill of costs and one attorney's fee.

Motion to dismiss appeals from an order of the superior court for King county, Morris, J., entered May 31, 1905, confirming an assessment roll; also, motion for separate attorney's fees. Appeal dismissed, with one attorney's fee.

*Harold Preston* and *C. L. Parker,* for appellants.

*John K. Brown* and *Sherwood F. Gorham,* for respondent.

RUDKIN, J.—One hundred and three parties, owning separate and distinct parcels of land, gave notice of appeal to this court from an order confirming an assessment roll in the court below. Some of the appellants gave, or attempted to give, bonds to render their appeals effectual, others did not. Before any further steps were taken, or expenses incurred, in the prosecution of the appeals, the appellants filed in the court below and served on the respondent, a notice that they and each of them abandoned their respective appeals. After the filing and service of such notice of abandonment, the respondent filed a short record in this court, accompanied by one hundred and three motions to dismiss,

1 Reported in 82 Pac. 740

and now contends that it is entitled to costs, including a
$25 statutory attorney fee, against each appellant, or attor-
ney fees aggregating $2,575 in all. The motion to dismiss
is not resisted, but the appellants contend that the respondent
is not entitled to recover costs at all, by reason of their
abandonment of their appeals, and that in no event is the
respondent entitled to more than one bill of costs, includ-
ing one statutory attorney fee, against all the appellants.

We are of opinion that the respondent is entitled to the
order of dismissal, and to its statutory costs. This court
acquires jurisdiction of an appeal by the giving of notice
and the filing of a proper bond, and that jurisdiction cannot
be defeated by any act of the parties. An appellant cannot
dismiss an appeal as a matter of right. *Agassiz v. Kelleher,*
9 Wash. 656, 38 Pac. 221; *Allen v. Catlin,* 9 Wash. 603,
38 Pac. 79; *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371,
1104. The abandonment could only operate as an estoppel
against the further prosecution of the appeals, and the court
might permit the parties to prosecute their appeals notwith-
standing the abandonment, if it were made to appear that
the abandonment was filed and served through inadvertence
or mistake. A respondent has a right to have an appeal
finally disposed of in this court and that can only be done
by the court itself.

Bal. Code, § 6519, providing that no withdrawal or dis-
missal of an appeal which does not go to the substance or
the right of appeal, shall preclude a party from taking an-
other appeal within the time limited by law, only authorizes
a party to withdraw an appeal for the purpose of taking a
further appeal within the time limited by law. It does not
authorize a party to withdraw an appeal absolutely and un-
conditionally, as clearly appears from the decisions of this
court in the cases above cited. If an appellant desires to
dismiss his appeal, he may apply to this court for that pur-
pose; and, if no costs have been incurred by the respondent
in the prosecution of the appeal, and no rights of the re-

spondent will be affected by the dismissal, the appeal will be dismissed without costs. But if this court acquires jurisdiction of the appeal, and the appellant does not procure a dismissal at his own expense, the respondent is entitled to have the appeal formally dismissed, and to recover his costs as an incident.

The contention of the respondent that it is entitled to costs, including statutory attorney fees, against each appellant is wholly without merit. As well might a plaintiff in the court below claim separate costs and attorney fees against each of several defendants on a default judgment, because the defendants were not united in interest and might have appeared separately and filed separate answers. If the prevailing party is entitled to recover more than one statutory attorney fee in this court in any case, a question we do not decide, he is only entitled thereto where the adverse parties appear separately and file separate briefs. It would have been entirely competent for these several appellants to appear jointly in this court and file a single brief, raising only such objections to the assessment as were common to all of them. In fact many of them did so join in their objections in the court below. Had they pursued this course, it would scarcely be claimed that either party was entitled to more than one bill of costs, including one statutory attorney fee, and why should the respondent recover greater costs where the appellants make no appearance.

The motion to dismiss is granted, and the clerk of this court will tax the costs against all the appellants as upon a single appeal.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, CROW, and DUNBAR, JJ., concur.