# GETCHELL v. GREAT NORTHERN RY. CO.

(133 N. W. 912.)

**Appeal — effect on jurisdiction of lower court.**

1. Defendant made application to the district court to be relieved from a default judgment. The application was denied. Defendant appealed from the order of denial. Pending the appeal, application was made to the dis-

trict court to vacate the order appealed from. *Held*, that the said district court was without jurisdiction to entertain the application.

**Appeal — effect on jurisdiction below — abandonment of appeal.**

    2. Under the above facts, *held*, that the filing with the clerk of the district court of a notice that the defendant had abandoned the appeal did not restore jurisdiction to the lower court. An order from the supreme court is necessary before the appeal is dismissed.

Opinion filed December 2, 1911.

Appeal from District court, Cavalier county. *Cowan,* J.

Action by C. P. Getchell against the Great Northern Railway Company. Judgment for plaintiff, and defendant appeals.

    Affirmed.

*Murphy & Duggan,* for appellant.

*W. A. McIntyre,* for respondent.

BURKE, J. The plaintiff, having sustained a loss of stock, sued the defendant railway company. The summons and complaint were served upon the acting station agent at Langdon, North Dakota, September 26, 1907. The company were not notified of the receipt of the papers, .and judgment was entered against them by default, January 3, 1908. They received notice of the entry thereof upon the 21st day of January, 1909, and upon the 15th of February, 1909, applied to the court wherein the judgment was entered, being the district court of Cavalier county, to be relieved from their default. Their affidavits show rather conclusively that the company itself had no notice of the service of the papers, but it was almost as well established that the acting agent received them and neglected to forward same. This application was denied by an order dated February 19, 1909. Upon the 19th day of April, 1909, the defendant appealed from said order to the supreme court, and stayed all proceedings by a supersedeas bond. This appeal was never passed upon by this court, and was abandoned, as we shall presently see. March 23, 1909, the defendant company made an application to the court to set aside the order of February 19, 1909, upon affidavits used upon the original hearing, supplemented by further affidavits along the same line. This second application was made before the appeal from the first order, but the trial court had made no

decision upon the second application at the time the appeal was perfected, and he then concluded that he had lost all jurisdiction of the subject-matter, and refused to make a ruling. The appeal was not prosecuted in this court, and the plaintiff served notice to have the records sent up, or that an application to dismiss would be made. Thereupon, September 6, 1910, the defendant filed with the clerk of the district court of Cavalier county a notice that the appeal from the order of February 19, 1909, had been abandoned. No application was made to this court for an order of withdrawal or dismissal, and no order was made by this court. September 12, 1910, defendant made a third application to the trial court, based upon the affidavits already filed and some new ones, and asking that the trial court assume jurisdiction of the application, made April 19, 1909, to set aside the order of February 19, 1909; its wording being: "That this (district) court make its further order herein, setting down for hearing the second motion above referred to,"—the second motion referred to asking as relief that the order of February 19, 1909, be vacated and set aside. It thus appears that the trial court was in effect asked to change his order of February 19, 1909, upon the third application. The trial court entered an order dated November 12, 1910, denying the last application, and this appeal is from such order.

Two questions present themselves: First, Did the appeal from the order of February 19, 1909, devest the trial court of jurisdiction to vacate such order? and, second, if so, did the filing with the district court of a notice that the appeal had been abandoned restore such jurisdiction?

Upon the first question, the authorities are unanimous. This court, in the case of Moore v. Booker, 4 N. D. 543, 62 N. W. 607, says: "The simple matter of fact is that when an appeal is taken all power of the court below over the parties and the subject-matter of the controversy is lost until the cause, or some part thereof, is remanded." See also 4 Enc. L. & P. 246; 2 Enc. Pl. & Pr. 327; 2 Cyc. 977, and cases therein cited. Indeed, the appellant does not contest the above authorities, but rests his argument upon an analogous situation arising when an application is made to the trial court for a new trial upon newly discovered evidence, which may be heard by the trial court, even pending an appeal upon the merits of the case; this being the doctrine of the

case of Fuller v. United States, 182 U. S. 571, 45 L. ed. 1235, 21 Sup.
St. Rep. 871, cited and relied upon by appellant. We think there is a
wide distinction in the two situations. In the Fuller Case, the trial
court had denied a new trial upon one set of facts. An appeal was
taken. Pending the appeal, new facts came to light, showing the verdict
to be unjust. The appeal already taken will not consider those new
facts. Therefore a new application must be made to the trial court.
This must be made within one year. Therefore the trial court cannot
wait the determination of the appeal, but must rule at once. *But* sup-
pose that the second application made to the trial court had been upon
the *same grounds* passed upon by the trial court in the first application.
Would the trial court have jurisdiction to decide the first application
again? We think not. In the instant case, the third application was
not a new application upon *newly discovered grounds,* but was an
application to have the old matter reopened. Instead of bringing
up a new matter, as was done in the Fuller Case, supra, an old matter,
once ruled upon and once appealed from, was made the basis of the
application. Whether or not the trial court could have entertained
an application upon *new* grounds pending the appeal is an interesting
question, which we are not called upon to decide at this time. Certainly
the trial court had no jurisdiction to pass upon the same matters again
pending the appeal.

The second question remains. Was the jurisdiction of the district
court restored when defendant files its notice of the abandonment of
its appeal? We think not. The rule seems to be correctly stated in 3
Cyc. p. 182: "After the jurisdiction of the appellate court has attached,
the trial court is without power to dismiss an appeal." And again, at
page 184, same book: "An appeal cannot be dismissed but upon leave
of court, and sometimes the consent of the appellee is also necessary."
For a list of late cases holding upon this question, see 1911 Ann. Cyc.
p. 355, and especially see Merrill v. Dearing, 24 Minn. 179, where it
is said: "He should make application to the court for leave to dismiss.
A mere notice that he dismisses is a nullity." See also Re Seattle, 40
Wash. 450, 82 Pac. 740; Burnett v. Harkness, 4 How. Pr. 158; and
Wienman v. Dilger, 14 Jones & S. 101. It follows that the trial court
has, even since the first appeal, been without jurisdiction to reconsider

its order of February 19, 1909, and its order of November 12, 1910, from which the present appeal arises, was correct.

It may be stated in passing that if defendant considered the last application as a *new* application so as to escape the above reasoning, the plaintiff has then the perfect defense that such application was made more than a year after defendant had notice of the entry of judgment.

Affirmed.