[No. 12348–3–I.   Division One.   July 23, 1984.]

KENNETH F. KENNEDY, ET AL, *Appellants,* v. LINDA S. McGUIRE, *Defendant,* JAN ALLAN, *Respondent.*

*Mark Jaffe, Martin D. Fox,* and *Abbey, Fox & Jaffe,* for appellants.

*Russell L. Perisho* and *Perkins, Coie, Stone, Olsen & Williams*, for respondent.

DURHAM, C.J.—Kenneth and Clara Kennedy appeal the dismissal of their unlawful detainer action against Jan Allan. Allan is the owner of a houseboat which is moored on the Kennedys' property in Portage Bay, Seattle. The Kennedys claim the trial court erred by finding no jurisdiction under the unlawful detainer statute, and by finding that the Kennedys gave inadequate notice of the action to Allan.

This is a continuation of a matter which was before the Washington Supreme Court in *Kennedy v. Seattle*, 94 Wn.2d 376, 617 P.2d 713 (1980). In attempting to evict the prior owner of Allan's houseboat, the Kennedys had brought a declaratory judgment challenging the constitutionality of the Seattle floating homes ordinance, Seattle Municipal Code 7.20. The ordinance established procedures for setting moorage fees and for the eviction of houseboat owners from moorage sites. On October 2, 1980, the Supreme Court in *Kennedy* upheld the ordinance's rent control provisions, but held that certain of the eviction provisions unconstitutionally interfered with a moorage owner's right to use his own moorage site. On December 3, 1980, the Kennedys gave Allan 3 days' notice to vacate the moorage site. A complaint for unlawful detainer was filed on January 7, 1981 and the matter was tried in September 1981. At the close of the Kennedys' case, Allan moved to dismiss. The trial court granted the motion, and concluded:

I.

This Court lacks jurisdiction over plaintiffs' claims under Chap. 59.12 RCW because defendant's floating home is located on navigable waters and does not occupy real property.

II.

Plaintiffs have failed to state a claim upon which relief can be granted because plaintiffs have failed to provide notice to defendant Allan as required by the unlawful detainer statutes, Chap. 59.12 RCW.

III.

Plaintiffs have failed to state a claim upon which relief can be granted because plaintiffs have failed to provide notice to defendant Allan as required by Ordinance 109280 of the City of Seattle and Ordinance 109630 of the City of Seattle.

The Kennedys appealed to the Washington Supreme Court in October 1981, and the case was transferred to this court on September 13, 1982.

The Kennedys first argue that the trial court erred in ruling that the unlawful detainer statute did not apply to floating homes. We agree. The unlawful detainer action was brought pursuant to RCW 59.12.030(6). That section allows eviction of

A person who, without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice, in writing . . .

Allan argues that, because her houseboat floats upon navigable waters, she did not enter upon "land of another", nor were the Kennedys the "owners" of the water upon which she floated. This argument is clearly without merit. The Kennedys own the bed land over which Allan is moored, and are "owners" for purposes of RCW 59.12.030(6). For the same reason, Allan's use of the Kennedys' moorage facilities constitutes entry upon "land of another" under this section. It is not relevant here, as Allan claims, that the houseboat is personal property. At issue is Allan's tenancy at the Kennedys' moorage site, which is real property.

Allan cites several cases which hold that private owners of submerged lands beneath navigable waters hold title subject to the public's navigation rights. *See, e.g., Wilbour v. Gallagher,* 77 Wn.2d 306, 315, 462 P.2d 232, 40 A.L.R.3d 760 (1969), *cert. denied,* 400 U.S. 878 (1970). However, public rights over private tidelands and shorelands are limited, given an express legislative policy of encouraging development on such lands. *See Harris v. Hylebos Indus., Inc.,* 81 Wn.2d 770, 777, 505 P.2d 457 (1973); Rauscher,

*The Lake Chelan Case—Another View,* 45 Wash. L. Rev.
523, 526–27 (1970). In any event, these cases are inapposite
since this case involves Allan's rights as a moorage tenant,
not as a member of the navigating public. Because Allan's
moorage constitutes entry upon the land of the Kennedys,
she may be evicted pursuant to the unlawful detainer stat-
ute. The trial court erred in ruling that the unlawful
detainer statute did not apply to floating homes.

The Kennedys next claim that the trial court erred in
dismissing their unlawful detainer action for failing to
comply with the notice requirements of the Seattle floating
homes ordinance. Again, we agree.

The City of Seattle's floating homes ordinance, first
enacted in 1977, established procedures for the eviction of
houseboats from moorage sites and provided for fact–find-
ing hearings regarding moorage fee increases. Seattle
Municipal Code 7.20. Section 2 of the original ordinance
limited the right of a moorage owner to convert a moorage
site to personal use. (Ordinance 107012, § 2.) The Ken-
nedys challenged the constitutionality of this section in an
earlier action. While that matter was pending before the
Washington Supreme Court, Seattle enacted a new ordi-
nance (ordinance 109280) on September 21, 1980, with a
substantially similar section. Ordinance 109280 was in
effect on December 3, 1980, the date the Kennedys gave
Allan notice to evict. Section 3(6) of ordinance 109280 pro-
vided, in pertinent part:

> The floating home owner is directed by the moorage
> owner to remove his or her home from its moorage site
> by a written notice given at least four months prior to
> the demanded date of removal where the purpose of such
> demand for removal is to permit the moorage owner to
> convert the moorage site to a personal or other non–
> commercial use or *to personally occupy such moorage site*
> with a floating home to be used as such owner's resi-
> dence, provided that such demand for removal is not
> contrary to any existing lease agreement between the
> moorage owner and such floating home owner and that
> such moorage owner locates another lawful moorage site

within the City for the displaced floating home owner.

One basis for the trial court's dismissal of the present unlawful detainer action was the Kennedys' failure to comply with the 4–month notice requirement of this section. The court also ruled that the notice requirements of a successor to ordinance 109280 were not met. (Ordinance 109630.)

At the outset, we find that ordinance 109630 is not applicable in this case. Ordinance 109630 was enacted on January 26, 1981, whereas the Kennedys gave Allan notice to evict on December 3, 1980. A statute or ordinance is presumed to apply prospectively unless a contrary legislative intent is clearly expressed. *Puyallup v. Pacific Northwest Bell Tel. Co.*, 98 Wn.2d 443, 656 P.2d 1035 (1982). Furthermore, a statute which creates a new liability or imposes a penalty will not be construed to apply retroactively. *Johnston v. Beneficial Management Corp. of Am.*, 85 Wn.2d 637, 538 P.2d 510 (1975). The floating homes ordinance provides a civil fine for failure to comply with its requirements. Seattle Municipal Code 7.20.120. Accordingly, the notice provisions of ordinance 109630 did not apply retroactively to December 3, 1980.[1]

The Kennedys next claim that it was error to apply the notice requirements of ordinance 109280 to this action. In particular, they argue that section 3(6) of ordinance 109280 is unconstitutional, since it is substantially identical to the provision held unconstitutional in *Kennedy v. Seattle, supra.* In fact, after the briefs in this case were filed, the Washington Supreme Court held that section 3(6) of ordinance 109280 was unconstitutional. *Granat v. Keasler*, 99 Wn.2d 564, 571, 663 P.2d 830, *cert. denied*, 104 S. Ct. 549 (1983). In *Granat*, the court reviewed the requirement that, in order for a moorage owner to evict a houseboat owner and convert a moorage site to personal use, the moorage owner must locate another lawful moorage site for the

---

[1] We therefore need not address the Kennedys' constitutional challenges to ordinance 109630.

houseboat owner. The court found this requirement to be an unconstitutional taking of property without just compensation. *Granat,* at 570–71.

■ However, neither *Granat* nor *Kennedy* reviewed the notice requirements of ordinance 107012 or 109280. Because the floating homes ordinance contains a severability clause,[2] the notice requirement of section 3(6) of ordinance 109280 may not have been invalidated by the holding in *Granat.* The test for severability is

> whether the constitutional and unconstitutional provisions are so connected . . . that it could not be believed that the legislature would have passed one without the other; or where the part eliminated is so intimately connected with the balance of the act as to make it useless to accomplish the purposes of the legislature.

*Hall v. Niemer,* 97 Wn.2d 574, 582, 649 P.2d 98 (1982) (quoting *State ex rel. King Cy. v. State Tax Comm'n,* 174 Wash. 336, 339–40, 24 P.2d 1094 (1933)). The apparent purpose of section 3(6) of ordinance 109280 was to provide protection for displaced houseboat owners, given the shortage in Seattle of alternate moorage sites. An extended notice of eviction period serves this purpose, even though the moorage owner is no longer required to locate an alternate site for the tenant. Accordingly, the extended notice requirement of section 3(6) of ordinance 109280 was not invalidated by *Granat.*

Nevertheless, under the unique facts of this case, we find that the notice given to Allan was adequate. The Kennedys originally served Allan's predecessor tenant McGuire with a notice to evict on June 28, 1978. The original notice required termination of the tenancy by August 1, 1978.

---

[2]The severability clause provides:

"Severability: The provisions of this chapter are declared to be separate and severable and the invalidity of any clause, sentence, paragraph, subdivision, section or portion of this chapter or the invalidity of the application thereof to any person or circumstance shall not affect the validity of the remainder of this chapter or the validity of its application to other persons or circumstances." Seattle Municipal Code 7.20.

However, on July 6, 1978, McGuire obtained a temporary injunction prohibiting the Kennedys from interfering with McGuire's "right to quiet enjoyment" of the moorage site.[3] This injunction was in effect over 2 years, until October 24, 1980, shortly after *Kennedy* invalidated the alternate moorage provision of the original ordinance. On December 3, 1980, the Kennedys served Allan with a 3–day notice to evict, and a complaint for unlawful detainer was filed on January 7, 1981.

Allan appears to have purchased McGuire's houseboat in May 1980. The injunction in effect at the time required that McGuire notify prospective buyers of the Kennedys' claim to the moorage site. Thus, for almost 7 months Allan had constructive, if not actual, notice of the Kennedys' intention to evict. Despite the fact that the formal notice to McGuire called for termination of the tenancy in 30 days, and the formal notice to Allan provided only 3 days to terminate, the intervening 2–year injunction resulted in an actual notice period which more than complied with the 4–month requirement of section 3(6) of the floating homes ordinance. Under these circumstances, we believe the notice requirements of the ordinance should not be construed so as to warrant a dismissal of the Kennedys' unlawful detainer action. Accordingly, the trial court erred in dismissing the action for failure to comply with the notice requirements of section 3(6) of ordinance 109280.

The trial court also ruled that the action was erroneously brought under the section of the unlawful detainer statute which requires only a 3–day eviction notice. RCW 59.12-.030(6). It was argued below that the action should have been brought under RCW 59.12.030(2), which requires a 20–day notice of eviction. However, regardless of which section of the unlawful detainer statute the Kennedys invoked, Allan would have had the right to raise as an affirmative defense the 4–month notice requirement of the

---

[3]The injunction was modified on August 18 to require the Kennedys to comply with the Seattle floating homes ordinance in any action for eviction.

floating homes ordinance. *See Kennedy,* at 384. Because we have found compliance with the ordinance's notice requirement, we need not reach the question of which section of the unlawful detainer statute was applicable in this case.

The judgment is reversed.

ANDERSEN and CORBETT, JJ., concur.

Reconsideration denied September 13, 1984.

Review denied by Supreme Court December 7, 1984.