[No. 6395-0-III.   Division Three.   January 7, 1986.]

CAI NYBY, *Respondent,* v. ALLIED FIDELITY INSURANCE COMPANY, *Appellant.*

*Patrick J. Downey,* for appellant.

*David R. Hevel* and *Olson, Olson, Hevel & Vanderschoor, Inc., P.S.,* for respondent.

GREEN, C.J.—Cai Nyby obtained a judgment against Sundance Engineering, Inc. Sundance appealed, filing a supersedeas bond issued by Allied Fidelity Insurance Company. The judgment was affirmed on appeal. Sundance apparently could not pay the judgment. Mr. Nyby's demand for payment on the bond was refused by Allied. He then brought this action against Allied to recover on the bond and for damages under the Consumer Protection Act. Judgment was entered against Allied and it appeals.

The issues presented are whether the court erred in (1) interpreting the bond to require Allied to pay the judgment against Sundance; (2) entering judgment against Allied for violation of the Consumer Protection Act, RCW 19.86.020,[1] and for violating the frivolous defense statute, RCW

---

[1]RCW 19.86.020 provides:

"Unfair competition, practices, declared unlawful. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

4.84.185;[2] (3) admitting certain evidence; and (4) for retroactively applying the increased penalty provisions of an amendment to RCW 19.86.090.[3] We find no error on the first three issues but reverse and remand as to the fourth.

The bond provides:

> Know all men by these presents: That we, Sundance Engineering and Construction, Inc., as Principal, and Allied Fidelity Insurance Company, . . . as Surety, are held and firmly bound unto the Franklin County Superior Court in the full and just sum of Sixteen Thousand and 00/100 Dollars ($16,000.00), lawful money of the United States of America, for the payment of which sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

The disputed language follows:

> The condition of the foregoing obligation is such that, Whereas the above named Principal has appealed to the *Supreme Court* of the State of Washington . . . and,
>
> Whereas, the above named principal has heretofore given due and proper notice that it will appeal from said decision and judgment of said Superior Court to the *Supreme Court* of the State of Washington.
>
> Now, Therefore, if the said Principal Sundance Engineering and Construction, Inc., will pay all costs and damages that may be awarded against it on the appeal or

---

[2]RCW 4.84.185 provides in part:

"Prevailing party to receive expenses for opposing frivolous action or defense. In any civil action, the court having jurisdiction may, upon final judgment and written findings by the trial judge that the action, . . . or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . or defense."

[3]RCW 19.86.090 provides in part:

"Civil action for damages—Treble damages authorized—Action by governmental entities. Any person who is injured in his business or property by a violation of RCW 19.86.020 . . . may bring a civil action in the superior court . . . to recover the actual damages sustained by him . . . together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: *Provided,* That such increased damage award for violation of RCW 19.86.020 may not exceed ten thousand dollars: . . ."

on the dismissal thereof, not to exceed Three Hundred and no/100 ($300.00) Dollars, and will satisfy the judgment or order appealed from, together with interest thereon, if for any reason the appeal is dismissed or if the judgment is affirmed, or will satisfy any modification of the judgment or order which the *Supreme Court* of the State of Washington may adjudge, award or order to be adjudged or awarded by the Superior Court of the State of Washington for Franklin County, then this obligation shall be void; otherwise to remain in full force and effect.

(Italics ours.)

■ Allied contends its liability on the bond is conditioned upon Sundance appealing to the Supreme Court. Since Sundance instead appealed to this court, Allied argues it is not liable on the bond. We disagree. The only conditions in the bond are contained in the final paragraph which describes Allied's surety obligation; *i.e.,* "if . . . Sundance . . . will pay all costs and damages . . . and will satisfy the judgment . . . together with interest thereon . . . then this obligation shall be void; . . ." On the other hand, if Sundance fails to pay, Allied is bound to do so according to the first paragraph of the bond where it is "held and firmly bound". The statements that Sundance "has appealed" and "has heretofore given due and proper notice that it will appeal . . . to the Supreme Court", preceded by "whereas" are merely recitals—not conditions of liability.

The testimony of K. Ladd Kafflen, president of Inland Bonding Company and Allied's agent who issued the bond, supports our conclusion that the bond was not conditioned on appeal to the Supreme Court:

Q [THE COURT] Would it be fair for me to conclude that what you intended to undertake was to supersede this judgment by whatever process that it took under the law in the State of Washington to review the trial court's decision?

A [MR. KAFFLEN] Well, I suppose so.

In light of the record, we decline to interpret the language of this bond to create a limitation on Mr. Nyby's right to recover. *See Ross v. Harding,* 64 Wn.2d 231, 236, 391 P.2d

526 (1964).

Moreover, it is generally held a surety is liable on a supersedeas bond even if the appeal is not perfected or is dismissed. *Kawabe v. Continental Life Ins. Co.,* 99 Wash. 214, 169 P. 329 (1917); *Allen & Powell v. Catlin,* 9 Wash. 603, 38 P. 79 (1894); 10 J. Appleman, *Insurance* § 6013 (1981). The purpose of a supersedeas bond is to pay the judgment if affirmed on appeal—whether it be by the Court of Appeals or the Supreme Court. Consequently, Sundance's failure to seek review by the Supreme Court does not impact Allied's liability.

█ Nor do we agree with Allied's contention the trial court erred in entering judgment against it for violation of the Consumer Protection Act (CPA), RCW 19.86.020. A per se violation of the CPA occurs when the conduct is (1) unfair or deceptive; (2) within the sphere of trade or commerce; and (3) impacts the public interest. *Eastlake Constr. Co. v. Hess,* 102 Wn.2d 30, 49, 686 P.2d 465 (1984); *Anhold v. Daniels,* 94 Wn.2d 40, 45, 614 P.2d 184 (1980); *Jackson v. Harkey,* 41 Wn. App. 472, 475, 704 P.2d 687 (1985). The acts here were within the sphere of trade or commerce. Additionally, the business of insurance has been declared to be in the public interest. RCW 48.01.030; *Haner v. Quincy Farm Chems., Inc.,* 97 Wn.2d 753, 761, 649 P.2d 828 (1982); *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 361, 581 P.2d 1349 (1978). An insurance company has the obligation to act in good faith and to abstain from unfair acts. RCW 48.01.030; 48.30.010. The court here could properly find Allied's returning the premiums and attempting to cancel the bond were both unfair and in bad faith. *See Salois v. Mutual of Omaha Ins. Co., supra.*

Further, the language of the bond and Mr. Kafflen's testimony support the court's decision that the defense asserted by Allied is frivolous. RCW 4.84.185. The judge's observation in his memorandum opinion is noteworthy:

> We cannot have—the judgment I've made as to the Consumer Protection Act, we cannot have bonding companies running around the country putting up supersedeas

bonds that are clearly intended to cover the very problem we have here and then by some sleight of hand and magic language, try to avoid that responsibility, particularly in the face of the fact that the man [Mr. Kafflen] gets up here and tells me exactly what he intended to do. Now, if that isn't bad faith, I don't know what is . . .

In light of our holding, we need not consider the errors assigned to the court's findings relating to the non per se violation of the CPA. Nonetheless, Allied's arguments concerning those findings are rejected. Mr. Kafflen's testimony was sufficient evidence the bond was ordered in the normal course of business. As a judgment creditor, Mr. Nyby was within the class to be protected by the bond—indeed he was the only beneficiary of the proceeds. Further, he was required to rely on the bond because, as a matter of law, it superseded and delayed enforcement of his judgment. RAP 8.1(a), (b). The court's determination was not error.

We do not consider Allied's next assignment of error that a deposition of Mr. Kafflen was erroneously admitted into evidence. Even if this contention is correct, admission of the deposition was harmless. It primarily addressed the potential liability of another party who was dismissed by the court. The court's findings are supported by Mr. Kafflen's testimony at trial.

However, Allied's contention the court erred in retroactively applying the amendment to the CPA increasing the limit for treble damages to $10,000 is correct. RCW 19.86.090. Retroactive application of a statute is permitted only where there is specific legislative intent, *Everett v. State,* 99 Wn.2d 264, 661 P.2d 588 (1983), or where it is remedial and not penal in nature, *Gem Trading Co. v. Cudahy Corp.,* 92 Wn.2d 956, 603 P.2d 828 (1979). There is no evidence of legislative intent that this amendment be applied retroactively. Additionally, the treble damage provision is penal in nature and, thus, should not be applied retroactively. *See Johnston v. Beneficial Management Corp. of Am.,* 85 Wn.2d 637, 538 P.2d 510 (1975). Consequently, that portion of the judgment awarding treble

damages under the amendment is reversed and remanded for modification.

Affirmed in part; reversed and remanded in part.

MUNSON and THOMPSON, JJ., concur.