[No. 6858–7–III.   Division Three.   June 24, 1986.]

LLOYD SWAIN, ET AL, *Respondents,* v. LAWRENCE B. COLTON, ET AL, *Appellants.*

*Roger L. Olson* and *Olson & Olson,* for appellants.

*Daryl D. Jonson* and *Cowan, Walker, Jonson & Moore,* for respondents.

THOMPSON, J.—This case involves the question of whether the 1983 amendment to RCW 19.86.090 which increased maximum treble damages, from $1,000 to $10,000, may be applied retroactively. We answer in the negative and reverse the damages award.

Lawrence B. Colton[1] solicited Lloyd Swain and his wife Laurie Louden (hereafter referred to as "the Swains") to enter into a "Profit Savings Plan" for the purpose of federal income tax avoidance. The Swains entered into the agreement May 19, 1980, and Mr. Colton received 5 percent of the face value of the Swains' paychecks as a commission. However, when the Swains' 1980 and 1981 returns were audited by the IRS, the "Profit Savings Plan" deductions were disallowed. As a result, the Swains sustained damages in the amount of $3,575.90, calculated as follows:

| | | |
|---|---|---|
| 1. [Commission] from sale of 1980 paychecks | | $789.71 |
| 2. [Commission] from sale of 1981 paychecks | | 741.11 |
| 3. 1980 interest on unpaid tax | $724.88 | |
| 1980 penalty | 86.00 | 810.88 |
| 4. 80% of 1981 interest | 587.83 | |
| 80% of 1981 penalty | 407.37 | 995.20 |
| 5. Legal and accounting expenses for preparation of amended returns | | 239.00 |
| TOTAL | | $3,575.90 |

The Swains brought a consumer protection action against Mr. Colton. Following a bench trial on September 25, 1984,

---

[1]Although Lawrence B. Colton and Jane Doe Colton are the named defendants/appellants, reference will be made only to Mr. Colton.

the court applied the amended version of RCW 19.86.090 to award the Swains treble damages of $10,727.70 plus attorney fees and costs.

■ The sole issue before this court is whether it was proper to apply the amendment to Mr. Colton's pre–1983 acts. This case was originally stayed pending the outcome of *Burton v. Ascol,* 105 Wn.2d 344, 715 P.2d 110 (1986). In the interim, *Nyby v. Allied Fid. Ins. Co.,* 42 Wn. App. 543, 548, 712 P.2d 861 (1986) held the 1983 amendment should apply prospectively only. Thus, that portion of the judgment awarding treble damages under the amendment was reversed. *Nyby,* at 548–49. Since *Burton* did not reach the issue of retroactivity, *Nyby* remains the authority on this question. *Nyby* is consistent with established precedent refusing to apply the Washington Consumer Protection Act retroactively.[2] *See Johnston v. Beneficial Management Corp. of Am.,* 85 Wn.2d 637, 538 P.2d 510 (1975).

Here, there is no evidence of legislative intent that the amendment should be applied retroactively. *Nyby,* at 548. Moreover, the treble damage provision is penal. *See Johnston,* at 640; *Nyby,* at 548. *See also Kennedy v. McGuire,* 38 Wn. App. 237, 241, 684 P.2d 1359, *review denied,* 103 Wn.2d 1005 (1984), in which a floating home ordinance which provided for a civil fine for failure to comply with its requirements could not be applied retroactively since it created a new liability or penalty. Consequently, we hold it was error for the court to apply the 1983 amendment in the instant case.

Finally, both sides request an award of attorney fees, and the Swains seek the imposition of sanctions for a frivolous appeal. Each request is denied. Both former RCW 19.86.090 and the 1983 amendment provide that the *injured party* may recover costs of a consumer protection action, includ-

---

[2]*Payless Car Rental Sys., Inc. v. Draayer,* 43 Wn. App. 240, 716 P.2d 929 (1986), decided after *Nyby,* is consistent with this opinion.

ing a reasonable attorney fee.[3] Consequently, Mr. Colton, who perpetrated the Consumer Protection Act violation, cannot take advantage of the attorney fee provision. Since the Swains are not the prevailing party on appeal, they too are precluded from recovering attorney fees. RAP 14.2. Since Mr. Colton is the prevailing party, his appeal cannot be deemed frivolous. *See Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 15, 665 P.2d 887 (1983).

Reversed.

GREEN, C.J., and MUNSON, J., concur.

Review denied by Supreme Court September 2, 1986.

---

[3]The language in both versions is identical:

"Any person who is injured in his business or property . . . may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him, or both, together with the costs of the suit, including a reasonable attorney's fee . . ."