[No. 2315. Decided October 6, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Robert B. Mullen*, v. SUPERIOR COURT OF PIERCE COUNTY, HON. JOHN C. STALLCUP, *Judge*.

QUO WARRANTO — JUDGMENT OF OUSTER — EFFECT OF APPEAL.

Where an appeal has been perfected, the superior court no longer has jurisdiction in the proceeding for the purposes of any action except those specially provided for in the act relating to appeals (Laws 1893, p. 119).

A judgment of ouster is not so suspended by an appeal therefrom as to entitle appellant to the possession of the office during the pendency of the appeal.

After an appeal has been perfected from a judgment of ouster, the superior court has no jurisdiction in that proceeding, on any ground, to order plaintiff, who had been placed in possession of the office, to surrender possession to defendant.

*Original Application for Prohibition.*

*Claypool, Cushman & Cushman*, and *Doolittle & Fogg*, for relator.

*Govnor Teats*, and *John P. Judson*, for respondent.

*Per Curiam.*—Relator had obtained judgment in his favor in a proceeding in the nature of *quo warranto*, to test the title to an office, and thereunder had been placed in possession of the office. Thereafter the defendant in the proceeding, having perfected his appeal to this court, sought an order in the superior court requiring the relator to surrender possession of the office that he might again take possession thereof. To prohibit the superior court from taking such action this proceeding was instituted.

The grounds upon which it was alleged that the superior court was about to make the order were, first,

that the relator had been wrongfully placed in possession of the office; and second, that the judgment of ouster against the defendant had been suspended by the appeal and his right secured to retain possession of the office during its pendency.   When the appeal was perfected the superior court had no jurisdiction to take any action in the proceeding except those specially provided for in the act relating to appeals, and the making of the threatened order was not included among those there provided for.   Hence the superior court was without jurisdiction to make such order; and if the defendant was entitled to any relief, such relief could only be afforded him in this court, which alone had general jurisdiction of the proceeding after the appeal had been perfected.

The claim that the judgment of ouster was so suspended by the appeal that the defendant was entitled to the possession of the office during its pendency is negatived by the case of *Fawcett v. Superior Court, ante,* p. 342, just decided.   Beside, if entitled to relief on account of such appeal, it could only be obtained in the superior court by an independent proceeding, for the reason that all jurisdiction as to the original proceeding had been taken from such court by the appeal.

The alternative writ must be made permanent.