[No. 3163. Decided March 13, 1899.]

CANADA SETTLERS LOAN AND TRUST COMPANY, *Respondent,* v. EMILY A. MURRAY *et al., Appellants.*

JUDGMENT—NOTICE TO DEFENDANTS—APPEAL—MOTION TO VACATE JUDGMENT IN LOWER COURT—EFFECT.

Where, in a foreclosure proceeding in which defendants have appeared, a stipulation is entered into concerning payment of plaintiff's claim and a continuance of the suit, which provides that, in case of the failure of defendants to comply with any of its conditions, the agreement may be terminated without notice and plaintiff may proceed at once with the foreclosure proceedings, judgment without notice is not warranted against defendants upon their breach of performance, but merely the abrogation of the agreement is provided for.

Where judgment was erroneously entered by default, while defendants' demurrer stood undisposed of, a motion to vacate the judgment subsequent to appeal therefrom would not occasion a cessation of defendants' rights involved in the appeal.

After an appeal has been perfected from an erroneous judgment, jurisdiction over the cause passes to the supreme court, and it is too late for the respondent to cure errors in the judgment by moving for its vacation.

Appeal from Superior Court, Douglas County.—Hon. CHARLES H. NEAL, Judge. Reversed.

*E. K. Pendergast,* and *George Bradley,* for appellants. *Mount & Merritt,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This appeal is taken from a decree of foreclosure rendered by the superior court of Douglas county on the 7th day of July, 1898. After the filing of the complaint, a demurrer was interposed by the defendants, who are the appellants here. After the filing of the demurrer, but before the same was passed upon by the court, the parties litigant entered into a stipulation in writing concerning the payment of the claim of respondent and a continuance of said suit. This stipulation was entered into on the 30th day of March, 1897. On the 13th day of April, 1897, the respondent filed a motion for a judgment by default against the appellants, and on the 7th day of July judgment of default and a final decree in said cause were entered. The decree *pro confesso* and the final decree were both entered without notice to appellants or their attorneys.

There are three assignments of error made by the appellants, but, as we view the case, it is necessary to pass upon only one of them here. A motion is made by the respondent to dismiss the appeal for the reasons, (1) that the objections to the decree are mere irregularities in obtaining the same, to which no exception was taken and no motion was made in the court below to vacate or set aside the decree; (2) that the decree was entered by stipulation and is therefore not appealable; (3) that the controversy between the parties and the rights involved in the appeal have ceased to exist.

We think there is no merit in this motion. No notice was given of the entry of the judgment, or any action of the court subsequent to the filing of the stipulation; and the stipulation, after reciting certain facts which are not material to this discussion, concludes as follows:

" It is further agreed that in case the said parties of the second part, for any reason, fail, neglect or refuse to com-

42—20 WASH.

ply with each and all the agreements above set out, and at the time each is required to be done, and in the exact manner, then this agreement may be terminated without notice by said first party, and said first party may proceed at once with the foreclosure proceedings above named, and the said payment of $100 above named shall not be construed to be a credit, for any purpose, to apply on said notes and mortgage, the suit on which this agreement is intended to delay and give the said parties more time."

Upon the alleged violation of this agreement, the respondent, evidently acting upon the theory that the agreement was that, upon the violation of the conditions therein contained, it could proceed to foreclose the mortgage without notice, asked for and obtained the default and decree appealed from. But, as we read this stipulation, it stipulates only that the agreement which was entered into might be terminated without notice. In fact, it says that in so many words, and is not susceptible of construction. It provides that plaintiff may proceed at once with the foreclosure proceedings. Well, the foreclosure proceedings at the time this stipulation was entered into involved, first, the disposition of the demurrer; and, second, the trial of the case on the merits. The demurrer of the defendants was an appearance which, under the statute, entitled them to notice of subsequent proceedings. This notice they never had and cannot, therefore, be bound by the judgment in the case, even if it were a proper practice to enter judgment before disposing of a demurrer which was before the court.

It is insisted, however, that the controversies between the parties and the rights involved in this appeal have ceased to exist, because the respondent moved the court to vacate the judgment. The motion to vacate the judgment, however, does not go far enough to relieve the appellants; for, after the vacation of the judgment, the default of the

defendants would still remain, and this of course could not be adjudged until after the disposal of the demurrer before mentioned. And, again, the motion to vacate the judgment was not made until after the statement of facts had been prepared and settled and the appeal in all things had been consummated. The case had then been removed to the jurisdiction of this court, and it was too late for the respondent to cure the errors by moving to vacate the judgment.

The motion to dismiss will be overruled, and the judgment reversed.

GORDON, C. J., and FULLERTON, ANDERS and REAVIS, JJ., concur.