[No. 4462.   Decided October 20, 1902.]

The State of Washington *on the Relation of John Sanglin* v. Superior Court of King County, Boyd J. Tallman, *Judge.*

APPEAL — ORDER APPOINTING RECEIVER — SUPERSEDEAS.

An appeal from an order appointing a receiver will not operate as a stay of proceedings under the receivership, when no supersedeas bond has been given for the purpose of superseding the receiver pending the appeal.

*Original Application for Prohibition.*

*H. E. Foster,* for relator.

*Leopold M. Stern,* for respondent.

The opinion of the court was delivered by

Fullerton, J.—This is an application for a writ of prohibition. The facts are these: One C. L. Haggard brought an action in the superior court of King county against the relator to recover upon a promissory note and to foreclose a chattel mortgage given to secure the same. After the commencement of the action the plaintiff applied to the court for the appointment of a receiver to take charge of the mortgaged property pending the action, which application the court, after notice and hearing had thereon, duly granted. From this order the relator appealed to this court, giving a bond in the sum of two hundred dollars, conditioned that the appellant would pay all costs and damages that should be awarded against him on the appeal, or on the dismissal thereof, not exceeding the amount of the penalty. Thereafter the plaintiff applied to the court for an order directing the receiver to sell the mortgaged property, and it is to prevent the court from proceeding with a hearing upon the application that this writ is sought.

The relator contends that the appeal from the order appointing the receiver removed the cause into this court, and that the trial court is without jurisdiction to make any order in the cause pending the appeal. Manifestly, this contention cannot be sustained. By the statute (§ 6506, Ballinger's) an appeal effects a stay of proceedings only when the appeal bond is conditioned for that purpose. Where the appeal is from a judgment for the recovery of money, the bond, in order to effect a stay of proceedings, shall be in a penalty double the amount of the damages and costs recovered in such judgment, and in other cases "shall be in such penalty, not less than two hundred dollars, and sufficient to save the respondent harmless from damages by reason of the appeal, as a judge of the superior court shall prescribe." The appellant could not, under any circumstances, on an appeal from this order, have given a bond that would have prevented the trial court from proceeding with the trial of the cause on its merits pending the appeal; nor could he, without having the amount of the penalty fixed by the trial court, and giving a bond in such penalty, have superseded the receiver, or prevented the court from taking further proceedings with reference to matters strictly relating to the receivership. As it was, he gave a cost bond, conditioned to pay only such damages as this court might award on the affirmance of the order; and this was insufficient either to supersede the receiver or effect a stay. The cases of *State ex rel. Mullen v. Superior Court,* 15 Wash. 376 (46 Pac. 402), and *Irving v. Irving,* 26 Wash. 122 (66 Pac. 123), are not in point on the facts appearing here. These were cases where the whole cause was removed to this court by the appeal, leaving nothing in the lower court upon which that court was empowered to act.

The application is denied.

REAVIS, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.