[No. 5082.      Decided April 6, 1904.]

ÆTNA INSURANCE COMPANY, *Appellant,* v. ROBERT G. THOMPSON *et al., Respondents.*[1]

APPEAL — PARTIES — SURETIES ON COST BOND — ENTRY OF JUDGMENT AGAINST SURETIES. Where upon a dismissal of an action judgment is rendered against the plaintiff and his sureties upon the cost bond, and plaintiff appeals, the sureties are necessary parties to the appeal, upon whom notice of appeal must be served where they do not join as appellants, although the judgment against the sureties was void for want of jurisdiction, and the lower court attempted to vacate it after the appeal was perfected.

APPEAL — EFFECT OF, ON JURISDICTION OF LOWER COURT — JUDGMENTS—VACATION AFTER APPEAL PERFECTED. After an appeal is perfected, the jurisdiction of the lower court is at an end, and it has no power to vacate the judgment as to appellant's sureties on the cost bond, inadvertently entered against the sureties without notice, although the judgment was void for want of jurisdiction, since the supreme court has exclusive jurisdiction of the case.

JUDGMENTS — VACATION — NUNC PRO TUNC ENTRY. An order vacating a judgment for inadvertence and want of jurisdiction can not be regarded as a *nunc pro tunc* entry of a judgment, when it does not appear what judgment the court intended to make.

Appeal from a judgment of the superior court for King county, Morris, J., entered December 12, 1903, in favor

[1]Reported in 76 Pac. 105.

of defendants after a trial on the merits, dismissing the action at plaintiff's cost. Appeal dismissed.

*Carr & Preston,* for appellant.

*Byers & Byers,* for respondent.

DUNBAR, J.—This case was brought by the plaintiff in the court below to recover from defendants money paid to them upon a fire insurance policy, which payment it was alleged was induced by fraudulent representations made by defendant Thompson. After a trial on the merits, judgment was rendered against the plaintiff, and John Davis and F. K. Struve, sureties on a cost bond filed by the plaintiff, for the costs of the action to be taxed. Judgment was obtained by defendants, which judgment was appealed from, and the respondents move to dismiss this appeal, for the reasons that the sureties on the cost bond did not join in the appeal, and were not served with notice of the appeal.

We decided, in *O'Connor v. Lighthizer, ante,* p. 152, 75 Pac. 643, that, where judgment was entered against the sureties on the cost bond, in order to make the appeal effectual, said sureties should either be served with notice of the appeal or join in said appeal. It is, however, contended by the appellant that this case is removed from the operation of the rule therein announced by the fact that, after the appeal had been taken, the court, upon motion of the sureties, vacated the judgment against said sureties, for the reason that the same had been entered without authority of law, without jurisdiction by the court, and by an inadvertence of the court.

Affidavits in support of the motion to vacate were filed by the sureties, and by E. M. Carr, one of the attorneys for the appellant herein. The affidavit of surety Struve

does not seem to be pertinent to the discussion of this
motion to dismiss. The substance of it is that neither he
nor his co-surety knew of the rendition of the judgment
against them until a long time after the same was ren-
dered, with the assertion that it was irregularly obtained.
There is a further allegation in the affidavit that it was
obtained by fraud practiced upon the sureties, but it is a
bare allegation without any statement of the matters con-
stituting fraud. The fact that the sureties did not know
that a judgment was entered against them is not important.
The attorney Carr testified, in substance, that he did not
know that a cost bond had been given by the plaintiff;
that, when a copy of the form of judgment was handed to
him, he did not read the same further than to see that it
was in form a final judgment in favor of the plaintiff, and
for costs; and that he did not discover that the judgment
had gone against the sureties until some time afterwards.
The affidavit it seems to us is not pertinent.

The court vacated the judgment against the sureties,
setting forth in its order the reasons for the same, which
are to the effect, that the sureties had never had legal notice
of the pendency of the action; that they never, in any wise,
appeared in the action; that the court had never had any
jurisdiction whatsoever over the persons of the sureties,
and that the court was wholly and entirely without juris-
diction, to direct or render any judgment of any kind
whatsoever in the action against the sureties; that the
signing of the judgment entry by the court was absolutely
and entirely without jurisdiction, and said judgment was
obtained irregularly by the defendants in said action,
and by surprise upon the plaintiff in the action, and upon
the sureties and upon the court, and that the court signed
said judgment inadvertently and unknowingly; and that

said judgment against said sureties is, and at all times since its signing by the court has been, absolutely null and void.    There is no finding by the court that the judgment was obtained by fraud, or that the court was in any manner imposed upon by the plaintiff's or defendant's attorneys, and it may be very well concluded that the inadvertence referred to by the court was an inadvertence in the construction of the law governing such cases.

Courts are presumed to have knowledge of the judgments which they solemnly decree and order entered upon their records, and, while there was probably sufficient showing made to have authorized the court to vacate the judgment before the appeal was perfected, when the appeal was perfected the jurisdiction of the trial court was ended, and any remedy which was sought to be obtained must necessarily be obtained in the appellate court, which had obtained jurisdiction by the appeal.    It is evident that jurisdiction of the case should not rest in the two different courts at the same time.    There is not enough in the statement of the court to show that this second entry was a *nunc pro tunc* entry of a judgment, or the entry of a judgment which the court intended to make; for, while the court says that it made the order which it did make inadvertently, it does not say what judgment it would have rendered in the premises in lieu of the one which it did render.    It is no answer to the motion to dismiss in this case to say that the judgment entered against the sureties was without jurisdiction, and absolutely void; for, according to the decision in *O'Connor v. Lighthizer, supra*, the motion to dismiss an appeal will be granted where judgment was rendered against the sureties, even though the judgment was without jurisdiction and absolutely void, for the reason, as stated in that opinion, that one has a right to appeal from a void judg-

ment. This motion to vacate was evidently an after-thought on the part of the appellant, for the purpose of escaping the rule laid down in *O'Connor v. Lighthizer.* But we think it would lead to confusion, and a conflict of jurisdiction, to permit a trial court to in any way interfere with the jurisdiction of this court, or with the judgment of its own court, after such judgment had been brought to this court by the perfection of an appeal.

In *State ex rel. Mullen v. Superior Court,* 15 Wash. 376, 46 Pac. 402, this court said, in speaking of this question:

"When the appeal was perfected the superior court had no jurisdiction to take any action in the proceeding except those specially provided for in the act relating to appeals, and the making of the threatened order was not included among those there provided for. Hence the superior court was without jurisdiction to make such order; and if the defendant was entitled to any relief, such relief could only be afforded him in this court, which alone had general jurisdiction of the proceedings after the appeal had been perfected."

The question involved there was the possession of an office. In *Canada Settlers L. & T. Co. v. Murray,* 20 Wash. 656, 56 Pac. 368, it was said:

"It is insisted, however, that the controversies between the parties and the rights involved in this appeal have ceased to exist, because the respondent moved the court to vacate the judgment. The motion to vacate the judgment, however, does not go far enough to relieve the appellants; for, after the vacation of a judgment, the default of the defendants would still remain, and this of course could not be adjudged until after the disposal of the demurrer before mentioned. And, again, the motion to vacate the judgment was not made until after the statement of facts had been prepared and settled and the appeal in all things had been consummated. The case had then been removed to the jurisdiction of this court, and it was too late for

the respondent to cure the errors by moving to vacate the judgment."

It is the universal doctrine that an appeal deprives the lower court of jurisdiction, and lodges it exclusively in the appellate court.

"The perfecting of an appeal has the effect to deprive the lower court of jurisdiction to do anything not pertaining to the enforcement of the judgment or order which would tend to render the appeal abortive or defeat its purpose." 2 Spelling, New Trial & Practice, § 559.

In *Shay v. The Chicago Clock Co.,* 111 Cal. 549, 44 Pac. 237, it was decided that, pending an appeal from a judgment, the court in which the judgment was entered had no power to amend or correct it. It was conceded that the judgment there was entered by the clerk without any authority, but the appellate court said:

"A motion was made, upon suggesting a diminution of the record, to file as a part of the record on the appeal a document purporting to be a judgment entered in the cause September 27, 1895, *nunc pro tunc* as of June 5, 1895, but as the appeal from the original judgment was made June 19th, the judgment was thereby removed from the superior court, and, while an appeal from a judgment is pending, that court has no power to amend or correct its judgment."

In this case the attempt to vacate the judgment against the sureties, which was in effect an amendment of the judgment, was not made until after the appeal had been perfected in this court. In *Stewart v. Taylor,* 68 Cal. 5, 8 Pac. 605, the same rule was announced, where the court had denied the motion for a new trial, and afterwards vacated and set aside the order. The court said:

"This order purports to have been made on the 12th of November, 1881. But the defendant had appealed from the order on the 30th of June, 1881, and when the order

of the 12th of November was made and entered, the case was pending in this court. There is no doubt that the court in which an irregular order is made and entered may, where the irregularity is apparent on suggestion, motion or *ex mere motu,* set it aside at any time before an appeal is taken from it. Such an order, however, is valid until set aside or reversed on appeal; and where an appeal has been taken from it, the jurisdiction of the court *a qua* is suspended, so that pending the appeal the court below cannot vacate and set aside the order appealed from."

In *Clarke v. Manchester,* 56 N. H. 502, it was said:

". . . it has been held, that, after an appeal from the state circuit court has been taken and allowed, the court ceases to have any jurisdiction in the cause, and thereafter the record cannot be changed by either party; nor can an entry be filed *nunc pro tunc,*"

citing *Stewart v. Stringer,* 41 Mo. 401, 97 Am. Dec. 278. In fact, this is the well adjudicated rule, founded on reason and necessity.

We think there is nothing shown in the record which removes this case from the operation of the rule announced in *O'Connor v. Lighthizer, supra,* and the appeal will therefore be dismissed.

ANDERS, HADLEY, and MOUNT, JJ., concur.