[No. 5428     Decided December 15, 1904.]

THE STATE OF WASHINGTON, *on the Relation of John Anderson, Plaintiff,* v. W. R. BELL, *as Judge of the Superior Court for King County, Respondent.*[1]

APPEAL AND ERROR—EFFECT OF SUPERSEDEAS ON APPEAL FROM APPOINTMENT OF RECEIVER—MANDAMUS. An appeal from an order appointing a receiver, with a supersedeas bond given, does not affect the trial of the case on the merits, and mandamus will lie to compel the judge of the superior court to set the case for trial in its regular course where he refuses to do so on account of such an appeal.

Application to the supreme court, filed November 14, 1904, for a writ of mandate to compel the superior court for King county, Bell, J., to set a cause for trial. Writ granted.

*A. A. Anderson* and *Tucker & Hyland,* for relator.

*Allen, Allen & Stratton,* for respondent.

[1] Reported in 78 Pac. 908.

PER CURIAM.—This action was brought by the relator against W. R. Bell, judge of the superior court of the state of Washington in and for King county, to require him to set for trial a case pending in that court, entitled M. A. Redding, plaintiff, v. John Anderson, defendant. On the 12th day of August, 1904, the respondent, upon a hearing upon affidavits in response to an order to show cause, appointed a receiver of the property known as the North Star Lumber Company, in which the plaintiff in said action claimed to be a partner with the defendant John Anderson, as is set forth in the affidavit and petition for the writ herein. After such appointment the relator set the case for trial, and, upon the day of trial, the court refused to hear it, on the ground that an appeal had been prosecuted from the order appointing a receiver, and a supersedeas bond given; and held that the only thing for him to try was the accounting, and that he would try nothing until the determination of the appeal from the order appointing a receiver.

Under the doctrine announced by this court in *State ex rel. Sanglin v. Superior Court,* 30 Wash. 232, 70 Pac. 484, and under the plain provisions of the statute, the parties should have the privilege of a trial upon the merits of a case, with a right to have witnesses sworn, examined, and cross-examined, regardless of the fact that an appeal had been prosecuted from the order made by the court upon the trial by affidavits. The court, in its return to the alternative writ, indicates that an additional reason for not trying the case was the fact that the docket of the court was congested with business. But it also appears plainly from the return that, in any event, the court was of the opinion that the cause should not be tried during the pendency of the appeal. Of course, it is not the province or the intention of this writ to

compel the court to hear the cause out of its regular order, nor to displace other business of the court which would naturally have preference over this case. But the writ will issue in accordance with the petition and the cause will be tried in its due course.