[No. 8426.   Department One.   November 17, 1909.]

INLAND NURSERY AND FLORAL COMPANY, *Appellant*, v.
H. C. RICE *et al.*, *Respondents*.[1]

APPEAL—EFFECT OF TRANSFER AND STAY—JURISDICTION OF LOWER
COURT—TEMPORARY INJUNCTION — PROHIBITION.   After an appeal is
taken from a judgment dismissing an action in which a temporary
injunction had issued, and a supersedeas bond had been given to stay
proceedings, the superior court is without jurisdiction to hear a mo-
tion to modify the injunction, and prohibition lies to prevent such
action.

APPEAL—TRANSFER—SUPERSEDEAS OF TEMPORARY INJUNCTION—COR-
PORATIONS—STOCKHOLDERS.   Upon appeal and stay of proceedings,
whereby a temporary injunction is kept in force, restraining the re-
spondents from participating as stockholders in meetings of a cor-
poration, the supreme court will not modify the injunction pending
the appeal, and thereby cause appellants to lose the fruits of their
appeal; but will deny the application without prejudice to an action
by the respondents to restrain the other stockholders from holding
meetings until the appeal is determined.

Application filed in the supreme court October 25, 1909,
for a writ of prohibition to the superior court for Spokane
county, Sullivan, J., to restrain the hearing of a motion to
modify an injunction, pending an appeal therefrom. Granted.

*Peacock & Ludden*, for appellant.

*A. E. Barnes* and *E. O. Connor*, for respondents.

FULLERTON, J.—The appellant brought an action against
the respondents in which it sought to recover certain shares
of its capital stock, which it alleged the respondents, while
acting as trustees of the appellant, had wrongfully caused to
be issued to themselves.   As a part of its relief, it sued out a
temporary injunction enjoining the respondents from dis-
posing of or encumbering the stock, or from voting or other-
wise representing the same at any of the corporate or stock-
holders' meetings of the corporation.   When the cause came

[1]Reported in 104 Pac. 1117.

on for final hearing before the superior court, that court ruled that the appellant had no cause of action against the respondents, and thereupon entered a judgment to the effect that the appellant take nothing thereby, and that the respondents recover their costs. The appellant thereupon gave notice of appeal to this court from the judgment so entered, and requested the court to fix the amount of the bond that would be required to keep the temporary injunction in force pending the appeal, pursuant to § 6507 of Bal. Code (P. C. § 1055). The court fixed the amount at $5,000, and the bond was given and the appeal perfected.

Thereafter the respondents applied to the superior court for a modification of the injunctive order, in so far as it restrained the respondents from voting the stock at the meetings of the stockholders of the corporation. In response to this motion, the appellant appeared and objected to the court hearing the same on the ground that jurisdiction over the cause had been removed from the superior court to the supreme court by the appeal taken from the judgment of the superior court, and, in consequence, the court was without jurisdiction to entertain the motion. The superior court, however, notwithstanding the objection of want of jurisdiction, proceeded to hear the motion on its merits, finally taking the same under advisement. The appellant thereupon applied to this court for a writ of prohibition, prohibiting the trial court from proceeding further with the hearing on the motion.

The respondents have appeared in response to the alternative writ of prohibition, and moved this court to itself grant the relief asked for in the motion in case it holds the superior court to be without jurisdiction.

Taking up the appellant's application, we are of the opinion that the trial court was without authority to hear the motion of the respondents on its merits; and that it was its duty, when it was made to appear that an appeal had been taken from its final judgment, to refuse to consider any motion or application in the cause other than those especially

provided for in the act relating to appeals.  The granting of a motion to modify a temporary injunction, kept in force in virtue of an appeal, is not one therein provided for, and the court should have refused to consider the motion on its merits after the appellant had objected thereto, as it was without power to grant affirmative relief.  Bal. Code, § 6515 (P. C. § 1063); *State ex rel. Mullen v. Superior Court*, 15 Wash. 376, 46 Pac. 402; *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123; *State ex rel. Sanglin v. Superior Court*, 30 Wash. 232, 70 Pac. 484; *Aetna Ins. Co. v. Thompson*, 34 Wash. 610, 76 Pac. 105; *Kane v. Miller*, 40 Wash. 125, 82 Pac. 177.

The respondents' motion cannot be granted without denying to the appellant the benefit of its appeal should it be successful therein.  We feel, however, that it would be equally injurious to the respondents' rights to permit the stockholders, without the participation of the respondents, to elect trustees and other officers of the corporation while the temporary restraining order remains in force.  The denial of the respondents' motion will therefore be made without prejudice to their right to bring an action in the superior court for a restraining order should the stockholders, other than the respondents, attempt to hold a stockholders' meeting for that purpose, during the pendency of the temporary injunction.

The order of the court will be, therefore, that the writ asked for by the appellant be granted, and that the counter motion of the respondents be denied without prejudice to their right to sue for the purposes stated.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.