[No. 10552.  Department Two.  November 14, 1912.]

SARAH A. GUST, *Appellant*, v. ADOLPH A. GUST, *Respondent*,
PAULINE MILLER, *Intervener*.[1]

APPEAL—EFFECT OF TRANSFER—PROCEEDINGS IN LOWER COURT—
JURISDICTION—MODIFICATION OF DIVORCE.  Under Rem. & Bal. Code,
§ 1731, which provides that, on appeal, the whole cause shall be
brought to the supreme court and that the superior court shall have
jurisdiction only to perfect the appeal, the trial court has no juris-
diction to modify a decree of divorce after appeal taken.

Appeal from an order of the superior court for King
county, Myers, J., entered May 10, 1912, modifying a judg-
ment pending appeal, after a hearing before the court.  Re-
versed.

*Edward Judd* and *B. E. McGregor*, for appellant.

*H. E. Foster*, for respondent.

FULLERTON, J.—This is an appeal from an order of the
trial court modifying a judgment after an appeal had been
taken and perfected in this court from the judgment modi-
fied.  From the record it appears that the action in which
the original judgment was entered was an action for a di-
vorce, in which a third party had been allowed to intervene
as claimant of an interest in the property sought to be par-
titioned between the parties to the divorce proceedings.  The
divorce proceedings were tried out on their merits, and re-
sulted in a judgment dismissing the intervener's complaint,
and determining the issues between the plaintiff and defend-
ant in favor of the defendant, a formal judgment to that
effect being entered on May 6, 1912.  Immediately on en-
tering the judgment, the plaintiff gave notice of appeal
therefrom in open court to this court, perfecting the appeal
on the same day by executing and filing an appeal bond as
required by statute.  After the appeal had been thus per-

[1]Reported in 127 Pac. 566.

fected, the intervener conceived that the written entry embodying the formal judgment did not express the actual judgment rendered by the court, and made application to the court for its modification. Due notice of the application was given the plaintiff, and a hearing had thereon, at which hearing the court modified the judgment in accordance with the request made in the application. This appeal is from the order of modification.

The order must be reversed. In virtue of the statute, actions for divorce, whether granted or denied in the court below, are tried *de novo* in this court on appeal of the unsuccessful party. An appeal, therefore, duly perfected, brings the whole case to this court for review, and deprives the trial court of jurisdiction to take any further action in the proceeding, except such as may be specially provided for in the act relating to appeals. Rem. & Bal. Code, § 1731. The modification of the judgment here complained of was not such an action as the statute authorizes. It virtually changed the rights of the parties to the judgment, and was, in effect, the entry of a new judgment, while the statute authorizes only such further action on the part of the trial court after an appeal has been taken as may be necessary to perfect the record in this court. These principles have been repeatedly announced by former decisions of this court. *State ex rel. Mullen v. Superior Court,* 15 Wash. 376, 46 Pac. 402; *Canada Settlers' Loan & Trust Co. v. Murray,* 20 Wash. 656, 56 Pac. 368; *Irving v. Irving,* 26 Wash. 122, 66 Pac. 123; *Aetna Ins. Co. v. Thompson,* 34 Wash. 610, 76 Pac. 105.

The order appealed from is reversed, and the cause remanded with instructions to the lower court to vacate the same and dismiss the application.

MOUNT, C. J., ELLIS, MORRIS, and MAIN, JJ., concur.