[No. 14242.   Department Two.   July 16, 1917.]

KAMEO KAWABE, *Respondent*, v. CONTINENTAL LIFE
INSURANCE COMPANY, *Appellant*.[1]

APPEAL—JURISDICTION OF APPELLATE COURT—NEW TRIAL ON EX-
TRINSIC MATTERS.  The appellant cannot move for a new trial, either
below or in the supreme court, during the pendency of an appeal,
which lodges exclusive jurisdiction in the supreme court and must
be disposed of on the record before a rehearing can be asked on
matters extrinsic of the record.

Motion filed in the supreme court June 7, 1917, to vacate
a judgment pending appeal therefrom.   Denied.

*Karr & Gregory*, for appellant.

*J. B. Keener* and *J. Chas. Dennis*, for respondent.

FULLERTON, J. — The respondent, Kameo Kawabe, on
March 2, 1917, obtained a judgment against the appellant,
Continental Life Insurance Company, upon a policy of insur-
ance for the death of his wife.   The cause was by appeal re-
moved to this court on May 16, 1917.   While the cause was
pending in this court, appellant moved in the superior court
for a vacation of the judgment on the ground of newly dis-
covered evidence.   The trial court refused to consider the
motion, holding that it had lost jurisdiction of the action.
The appellant now moves this court to vacate the judgment
and grant a new trial in the court below on the ground of
"newly discovered evidence material for the defendant which
it could not with reasonable diligence have discovered and
produced at the trial of said cause."   The motion further
recites:

"This motion is made in the supreme court of the state of
Washington for the reason that the superior court of Pierce
county, Washington, has refused to consider the same, basing
the refusal on the ground that it has lost jurisdiction in the
above matter."

[1]Reported in 166 Pac. 617.

9——97 WASH.

It is the settled rule in this state that an appeal lodges jurisdiction of the action exclusively in the appellate court, and that the lower court has no jurisdiction other than to do those things necessary or specially provided by statute for making the appeal effective. *Aetna Ins. Co. v. Thompson*, 34 Wash. 610, 76 Pac. 105; *State ex rel. Mullen v. Superior Court*, 15 Wash. 376, 46 Pac. 402; *Canada Settlers' Loan & Trust Co. v. Murray*, 20 Wash. 656, 56 Pac. 368.

It is the rule also that this court, being a court of appellate jurisdiction, must determine the cause upon the record as made. It has no power to grant new trials, open the cause for further evidence, or authorize the trial court to do so while it still retains jurisdiction of the cause. The appellant's remedy, if any it now has, necessitates a disposal of the cause in this court before it may ask a rehearing of the cause on matters extrinsic of the record. *Denny-Renton Clay & Coal Co. v. Sartori*, 87 Wash. 545, 151 Pac. 1088.

The motion is denied.

ELLIS, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.