[No. 14242. Department One. December 14, 1917.]

KAMEO KAWABE, *Respondent*, v. CONTINENTAL LIFE INSURANCE COMPANY, *Appellant*.[1]

APPEAL—DISMISSAL—EFFECT. Plaintiff's motion to dismiss the appeal entitles the respondent to judgment affirming the judgment of the superior court and against the surety on the appeal and supersedeas bond.

APPEAL—PROCEEDINGS AFTER DISMISSAL—LEAVE TO PETITION FOR NEW TRIAL BELOW. Where by inadvertence a judgment dismissing an appeal failed to entirely dispose of the case for want of formal judgment of affirmance, the court will be directed to enter judgment accordingly, and the supreme court may consider appellant's application for leave to file a petition for vacation of a judgment and new trial below, as though the case had been finally disposed of.

Motion filed in the supreme court October 8, 1917, for leave to file a petition in the superior court for Pierce county, Easterday, J., to vacate a judgment. Granted.

*Karr & Gregory*, for appellant.

*J. B. Keener* and *J. Chas. Dennis*, for respondent.

[1] Reported in 169 Pac. 329.

PARKER, J.—The Continental Life Insurance Company has applied to this court for leave to file a petition in the superior court for Pierce county to vacate the judgment rendered against it by that court in this action and grant a new trial therein upon the ground of newly discovered evidence, from which judgment it has appealed to this court.

On July 16, 1917, we rendered a decision, 97 Wash. 257, 166 Pac. 617, denying the insurance company's application to this court to vacate the judgment and grant a new trial, holding that it was not within the province of this court to grant new trials upon a showing made of facts outside the record brought to us upon appeal from the trial court. It was also therein pointed out that the trial court could not entertain such an application while the case was pending in this court upon appeal, this being the rule announced in our previous decisions. *State ex rel. Mullen v. Superior Court,* 15 Wash. 376, 46 Pac. 402; *Canada Settlers' Loan & Trust Co. v. Murray,* 20 Wash. 656, 56 Pac. 368; *Aetna Ins. Co. v. Thompson,* 34 Wash. 610, 76 Pac. 105; *Inland Nursery and Floral Co. v. Rice,* 56 Wash. 21, 104 Pac. 1117; *Gust v. Gust,* 71 Wash. 75, 127 Pac. 566.

It seems necessary to notice the present status of this case in this court, with a view of determining whether or not there has been such a final disposition of the cause here as to warrant this court in permitting the trial court to now entertain the insurance company's petition for new trial. In March, 1917, there was rendered against the defendant insurance company, upon the verdict of a jury, in the superior court for Pierce county, a judgment for the sum of $2,631 in favor of the plaintiff Kawabe. The defendant appealed from that judgment to this court and, on the same day, caused to be duly executed with a sufficient surety and filed in this cause an appeal and supersedeas bond in the sum of $6,000. Thereafter, on August 28, 1917, appellant, by its attorneys, filed in this court its motion as follows:

"Comes now Continental Life Insurance Company, appellant herein, and moves the court that its appeal from the judgment of the superior court of the state of Washington in and for Pierce county be dismissed at appellant's costs.

"This motion is made to enable appellant to petition this court for permission to file a motion in the said superior court of the state of Washington for Pierce county to vacate a judgment entered herein, and to grant appellant a new trial because of newly discovered evidence."

Thereafter, on September 7, 1917, respondent, by his attorneys, filed his motion in this court "for an order dismissing the appeal and *affirming the judgment.*" This was done in respondent's behalf evidently with a view to having the judgment affirmed to the end that respondent might have judgment against the surety upon the appeal and supersedeas bond and also for his costs, as well as a dismissal of the appeal. These motions of appellant and respondent coming on for hearing in this court on September 28, 1917, we then concluded they should both be granted; but the order then entered, by inadvertence, was a simple order of dismissal, no affirmance of the judgment of the superior court, nor any judgment against the surety upon the appeal and supersedeas bond, being embodied in the order of dismissal. It is plain from our previous decisions that appellant's motion to dismiss its own appeal entitled respondent to a judgment in this court affirming the judgment of the superior court, and also a judgment against the surety on the appeal and supersedeas bond for the amount of the judgment rendered in the superior court, including respondent's costs incurred in this court. *Allen v. Catlin,* 9 Wash. 603, 38 Pac. 79; *Agassiz v. Kelleher,* 9 Wash. 656, 38 Pac. 221; *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104.

It seems to us that, notwithstanding the cause is not entirely disposed of formally in this court, by reason of the want of formal entry of judgment in respondent's favor as above indicated, we should now direct the clerk of this court to enter judgment accordingly, and we should dispose of ap-

pellant's application for leave to file a petition for the vacation of the judgment and a new trial in the superior court as though the cause had been formally disposed of in this court before considering the application.

We therefore direct the clerk of this court to enter a judgment affirming the judgment of the superior court, also a judgment against the surety upon the appeal and supersedeas bond for the amount of the judgment rendered in the superior court in favor of respondent, including respondent's costs incurred in this court.

Entertaining this view of the present status of the case in this court, we have examined appellant's application for leave to petition the superior court for a vacation of the judgment and a new trial, with a view of determining whether or not upon its face, together with the affidavits attached thereto, it makes such a showing as should be entertained by the trial court. Without assuming to express any opinion as to whether the showing made is such as to require the trial court to grant or deny appellant's petition, but leaving that court wholly free to exercise its own judgment in that respect, we have concluded to grant the application for leave to file the petition in the superior court and permit that court to entertain the same.

It is so ordered.

Of course, it must be understood that the insurance company must proceed with due diligence and at all events within the time prescribed by §§ 464 and 465, Rem. Code, under which sections it seeks a new trial, in order to avail itself of the privilege we here grant. See *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088.

ELLIS, C. J., WEBSTER, MAIN, and FULLERTON, JJ., concur.