[No. 16044.  Department Two.  November 17, 1920.]

JOHN F. MADDOX, *Appellant,* v. THE INDUSTRIAL
INSURANCE COMMISSION, *Respondent.*[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—AWARD
—APPEAL—DISMISSAL—EFFECT OF VOLUNTARY NONSUIT.  Under Rem.
Code, § 6604-20, providing for an appeal by a workman from the de-
cision of the department on his claim under the workmen's compen-
sation act, a voluntary nonsuit granted without prejudice to appel-
lant, upon objections made to his evidence, operates as a dismissal
of the appeal, and precludes further proceedings in such appeal.

APPEAL (355)—DISMISSAL—EFFECT.  A voluntary dismissal of an
appeal from the department's award to a workman under the work-
men's compensation act, amounts to an affirmance of the award, if
no subsequent appeal is taken.

Appeal from a judgment of the superior court for
Pierce county, Fletcher, J., entered June 21, 1920, dis-
missing an action for compensation, on an appeal from
a decision of the industrial insurance commission.  Af-
firmed.

*P. L. Pendleton,* for appellant.

*The Attorney General* and *Frank P. Christensen,*
*Assistant,* for respondent.

TOLMAN, J.—In January, 1918, appellant was in-
jured while engaged in an extra hazardous occupation,
and thereafter filed a claim for compensation, under
the workmen's compensation act, with the respondent
commission.  On October 23, 1918, the commission
classified the case as one of permanent partial dis-
ability and allowed the appellant the compensation
provided by law therefor.  Thereafter the cause was
reopened, again considered, and on October 21, 1919, a
final order was made to the effect that the original

[1]Reported in 193 Pac. 231.

classification was correct. Three days later appellant gave notice of appeal from such final order to the superior court of Pierce county, and filed a complaint therein, the cause being docketed as No. 45,079. This cause came on for trial in the superior court on February 10, 1920. In his opening statement, counsel for appellant represented that appellant was, and prior to the final order of the commission had been, suffering from traumatic neurasthenia, which entitled him to a higher award than that which had been made, whereupon counsel for the commission objected to the statement and to the introduction of any evidence thereunder, upon the ground that the complaint in the cause did not allege that appellant was suffering from any such disorder. So far as here appears, prior to any ruling on such objection and without asking leave to amend, appellant asked for a voluntary nonsuit without prejudice, and the court, in pursuance of such request, entered an order dismissing the cause without prejudice.

Thereafter, assuming to be still proceeding under the notice of appeal from the final order of the commission, which was served on October 24, 1919, appellant, on March 10, 1920, filed a summons and complaint in a new cause, which was docketed as No. 45,669, and in due course the commission answered thereto, setting up, among other defenses, that, by the voluntary dismissal of the former cause, appellant had, in fact and in law, dismissed his appeal from the final order of the commission, and that no other appeal having been taken within twenty days after the making of the final order by the commission, or at all, and the time for appeal having expired, the court was without jurisdiction to entertain the action. The cause came on for trial and respondent objected to the introduction of

any evidence for the reasons set forth in its answer, and the objection being sustained, the action was dismissed, from which result this appeal is prosecuted.

The statute under which appellant assumes to act, and the only statute providing for appeals from an award by the commission in such cases, is Rem. Code, § 6604-20, which, so far as is here applicable, reads as follows:

"Any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence. . . . The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. No such appeal shall be entertained unless notice of appeal shall have been served by mail or personally upon some member of the commission within twenty days following the rendition of the decision appealed from and communication thereof to the person affected thereby. . . ."

It will be noted that the statute expressly provides that the proceedings on the appeal shall be informal and summary, and if any written pleadings are contemplated, which is at best doubtful, the court should be extremely liberal in construing them, in permitting the introduction of testimony thereunder, and in the granting of leave to amend at any stage of the proceedings, to the end that "full opportunity to be heard shall be had before judgment is pronounced," as the statute expressly commands.

It follows that, in the first hearing before the court, the objection made on behalf of the commission was ill-founded and should, and no doubt would, have been overruled by the court had appellant waited for such ruling; but acting upon his own judgment as to the

force of the objection, counsel for appellant voluntarily dismissed the action without prejudice. Was such a dismissal a dismissal of his appeal? We think this question must be answered in the affirmative, because the appeal was the only thing which was pending. Appellant had no cause of action of which the court had original jurisdiction. *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466, 2 N. C. C. A. 823, 3 N. C. C. A. 599; *State v. Mountain Timber Co.,* 75 Wash. 581, 135 Pac. 645, L. R. A. 1917D 10, 4 N. C. C. A. 811. The commission had exclusive jurisdiction and appellant had only the right of appeal from its order. Having exercised that right, the only thing pending in the superior court was the appeal. The only thing which was there to be dismissed was the appeal, and appellant's request for a dismissal could apply to the appeal only. That the order was made without prejudice could reserve only the right to prosecute a subsequent appeal, had there been such taken within the twenty days provided by statute. Appellant's sole and only appeal having been dismissed, and the superior court having no original jurisdiction in such cases, there was nothing before the court in this case to which its jurisdiction could attach. Moreover, the dismissal of the appeal, although voluntary, amounts to an affirmance of the judgment appealed from if no subsequent appeal is pending. *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104; *Kawabe v. Continental Life Ins. Co.,* 99 Wash. 214, 169 Pac. 329.

The judgment appealed from is affirmed.

Holcomb, C. J., Mount, Mitchell, and Main, JJ., concur.