[No. 17539.  Department Two.  April 27, 1923.]

DANIEL H. PHILLIPS *et al.*, *Appellants*, v. WENATCHEE
VALLEY FRUIT EXCHANGE, *Respondent*.[1]

EQUITY (39)—SPECIFIC PERFORMANCE (28)—HE WHO SEEKS
EQUITY MUST DO EQUITY—CONDITIONS PRECEDENT. Before a fruit
grower can enforce specific performance of a contract for the pur-
chase of land, against a fruit exchange corporation which acquired
the vendors' contract and interest, he must do equity by repaying to
the exchange the sums it advanced to him to purchase the property,
the contract between him and the exchange authorizing the exchange
to retain any indebtedness from the proceeds of fruit sold.

COSTS (4)—DISCRETION OF COURT—EQUITY. In equity, costs are
within the discretion of the trial court and, unless excepted to, the
court's action in that regard is not reviewed upon appeal.

APPEAL (224)—EFFECT OF TRANSFER—PROCEEDINGS IN LOWER
COURT—JURISDICTION. After appeal has been taken, the court below
is without jurisdiction to make a supplemental order or decree.

COSTS (72)—ON APPEAL—APPORTIONMENT. Where the judgment
in equity of the court below is modified on appeal, each party may
be required to pay his own costs of appeal.

Appeal by plaintiffs from a judgment of the superior
court for Chelan county, Grimshaw, J., entered May
13, 1922, upon findings in favor of the plaintiffs, in an
action for equitable relief, tried to the court.  Modified.

*Herman Howe*, for appellants.

*Hughes & Wallace*, for respondent.

PEMBERTON, J.—On or about the 6th day of August,
1919, the appellants entered into a real estate contract
with Jacob Weber and wife for the purchase of certain
property for the agreed price of $14,000, the contract
of purchase containing the following provision:

"First parties hereto agree that when second parties
have paid the sum of $7,000 on this contract they will

[1]Reported in 214 Pac 837.

execute to second parties a warranty deed and take from them a mortgage and notes covering the unpaid balance.''

At the same time appellants entered into a crop contract with respondent, Wenatchee Valley Fruit Exchange, for the years 1919 to 1921, inclusive. This contract authorized respondent to retain any indebtedness owing to it out of the proceeds of the apples sold under the terms of the contract and appointed respondent the exclusive sales agent for the purpose of handling the apple crop grown upon the land. Respondent advanced $3,500 of the $4,000, the first payment made by the appellants upon the conditional sale contract, and all later payments made to Weber, the vendor.

On the 4th day of January, 1921, appellants and respondent entered into a new crop contract which in effect was an extension of the former crop agreement.

A total amount of $7,000 having been paid on the contract on or about March, 1921, appellants made demand upon Mr. Weber for a deed in accordance with the terms of the contract and received assurance that such deed would be executed. For some reason the deed was not executed, and on the first day of March, 1921, the Webers conveyed their interest in the contract and real estate described therein to respondent. On the 25th day of April, 1921, respondent served notice upon appellants requiring the payment of all the indebtedness then due to be made within thirty days from the date of the service, and if not so paid notice was given that the contract for the sale of the real estate would be forfeited, and thereafter, on the 25th day of May, 1921, served notice declaring the contract forfeited. Two days thereafter the appellants commenced this action to compel respondents to execute the deed to the real estate and accept from appellants a mort-

gage covering the unpaid balance of the purchase price, and asked that the crop contract entered into on January 4, 1921, be canceled on account of fraud. Respondent, in its answer, asked that the real estate contract be declared canceled and that its title to the real estate be quieted.

The trial court entered judgment in favor of appellants, but required appellants to pay the sum of $491.25 within thirty days from the date of the entry of the decree, and deliver a mortgage upon the property for the unpaid balance of the purchase price in the amount of $7,000, with interest, from which judgment this appeal is taken.

It is admitted in this case that respondent advanced to appellants approximately all of the purchase price paid by the appellants upon the real estate contract. This being a fact, the court entered the following finding:

"That after computing interest on the advances made by said defendant upon said real estate contract and applying credits received the court finds that the plaintiffs on March 16, 1922, were indebted to defendant on account of the *advances made on said real estate contract in the sum of $491.25, which they should be required to pay before receiving equitable relief in this action.*"

It is the contention of appellant that this amount was unsecured, and that appellants having been adjudged bankrupts by the district court of the United States, and having filed a declaration of homestead on the part of the real estate involved in this action, the court erred in requiring the payment of the $491.25.

It is a well known principle that he who seeks equity must do equity, and this money having been paid by respondent upon the contract whereby the rights of ap-

pellants were protected and preserved, appellants cannot insist upon a deed to the property without first paying the amount so advanced by respondent. 21 C. J. 172.

It is contended by appellants that the court erred in disallowing certain witness fees. This being an equitable case the question of costs was within the discretion of the trial court. No exception having been taken to such disallowance, the trial court's action in that regard must be upheld.

It is also contended by appellants that the trial court was without authority to enter a supplemental order on the 26th day of June, 1922, wherein the court found that appellants had failed to make the payment of $491.25 within thirty days from the filing of the decree and dismissed the action of appellants with prejudice. Appellants insist that the superior court was without jurisdiction to make such order, claiming that the supreme court had exclusive jurisdiction after appeal had been taken.

We are satisfied that the trial court was without jurisdiction to enter the supplemental decree or order after the case had been appealed to this court, under § 1731, Rem. Comp. Stat. *State ex rel. Mullen v. Superior Court,* 15 Wash. 376, 46 Pac. 402; *Canada Settlers' Loan & Trust Co. v. Murray,* 20 Wash. 656, 56 Pac. 368; *O'Connor v. Lighthizer,* 34 Wash. 152, 75 Pac. 643; *Aetna Ins. Co. v. Thompson,* 34 Wash. 610, 76 Pac. 105; *Inland Nursery & Floral Co. v. Rice,* 56 Wash. 21, 104 Pac. 1117; *Gust v. Gust,* 71 Wash. 75, 127 Pac. 566; *Kawabe v. Continental Life Ins. Co.,* 97 Wash. 257, 166 Pac. 617; *Bolcom Mills v. Seattle,* 101 Wash. 136, 172 Pac. 338.

The judgment will be modified to allow appellants to make the payment of the $491.25 and interest there-

on within thirty days from and after final judgment is entered in this case. In all other respects the judgment of the trial court is affirmed. Each party will pay their own costs of appeal.

MAIN, C. J., FULLERTON, HOLCOMB, and TOLMAN, JJ., concur.