[No. 26848. Department Two. May 5, 1938.]

DOUGLAS VAN HORNE, *Appellant*, v. LOIS VAN HORNE, *Respondent*.[1]

*Douglas Van Horne, pro se.*

*H. Sylvester Garvin,* for respondent.

ROBINSON, J.—This is an appeal from an interlocutory decree granting a divorce to both parties. There is no statement of facts in the record before us, but only a transcript and two supplemental transcripts, plus an envelope containing certain papers which purport to be exhibits in the case. These papers are wrapped in an order, which appears to have been made by the trial court, directing their transmittal. The transcripts themselves are not made up in any reasonable order, chronological or otherwise, and, although the same pleading is, in some instances, included two or three times, the three transcripts combined do not necessarily include the entire court record, for each of them is certified as containing only so much of it as the appellant requested the clerk to send up.

Due to the fact that the appellant has acted as his

[1]Reported in 78 P. (2d) 1082.

own attorney in preparing and conducting the appeal, we have made a particular effort to give his contentions every consideration that we can possibly give them in view of the incomplete state of the record. He appears to assert three major grounds of complaint: First, that, after a default had been entered against the defendant and a decree entered in consequence thereof, it was set aside. We are not able to determine from the record just how this was accomplished, because the record concerning it may not be complete, but there is sufficient here to show that the appellant participated in the vacation proceedings, whatever form they took, and some indication that he even consented to it.

The second ground of the appeal appears to be that the findings and conclusions and interlocutory decree are inconsistent in and of themselves, and this contention seems to be grounded principally upon the fact that, while the court found that both parties were fit and proper persons to have the custody of their minor son, the court directed that he should remain, temporarily, in the custody of the juvenile court. We can easily conceive and imagine facts which would make that direction reasonable and provident, even though the parties were, in a general sense, held to be fit and proper custodians, and, in the absence of the evidence taken at the trial, we must presume that such facts existed.

This appeal was taken by notice served and filed on July 7th. Subsequently, on July 19th, during the pendency of the appeal, appellant filed in the superior court a motion to vacate or modify the interlocutory decree appealed from; the motion being made on substantially the same grounds upon which he was then seeking relief by appeal. The court refused to entertain the motion, and that action is here called in question. The trial court was clearly right. It had no

608

jurisdiction to entertain it.  *Kawabe v. Continental Life Ins. Co.*, 97 Wash. 257, 166 Pac. 617.

The interlocutory decree of divorce must be affirmed. It is so ordered.

STEINERT, C. J., BEALS, SIMPSON, and BLAKE, JJ., concur.