[No. 27574. Department One. October 11, 1939.]

DALE H. ISOM, *Appellant,* v. OLYMPIA OIL & WOOD PRODUCTS COMPANY, *Respondent.*[1]

*George F. Yantis,* for appellant.

*Thos. L. O'Leary,* for respondent.

SIMPSON, J.—Plaintiff instituted this action to recover compensation for personal injuries which he had sustained on account of the explosion of gasoline oc-

[1]Reported in 94 P. (2d) 482.

curring during the time it was being supplied to his boat by defendant's marine service station.

October 29, 1937, plaintiff brought his cabin cruiser to the marine gasoline service station operated by defendant for the purpose of securing gasoline. The gasoline was supplied to the cruiser from a tank on the service float, or station, through a flexible hose. The hose was handed to plaintiff by one of defendant's employees, and plaintiff then proceeded to open a valve attached to the end of the hose so that the gasoline could flow into the tanks aboard his boat. An outside tank was filled first. Plaintiff then closed the valve on the end of the hose and went inside the cabin where an inner tank was located. He inserted the hose nozzle into the tank, pressed the valve handle to start the flow of gasoline, and shortly thereafter the boat was afire. The explosion and fire was caused by the escaping gas fumes coming into contact with a fire burning in the small stove located in the boat cabin.

Plaintiff was seriously burned. His complaint charged the defendant with negligence in the manner in which the gasoline was furnished to him and the failure of defendant to provide proper equipment, and properly instructed employees, for the delivery of gasoline. Defendant, in its answer, denied the charge of negligence, and alleged that the injury was caused by the contributory negligence of plaintiff. The action was tried to a jury, which returned a verdict in favor of plaintiff. The court granted defendant's motion for a judgment notwithstanding the verdict and dismissed the action. Plaintiff has appealed.

Respondent moves to dismiss the appeal, basing its motion upon the ground that the appeal was not taken within thirty days after the date of the entry of the

judgment, as provided by Rule V, Rules of the Supreme Court, 193 Wash. 4-a, in effect August 1, 1938.

Appellant resists the motion to dismiss the appeal upon the ground that his attorney was misled concerning the date of the filing of the judgment in the office of the county clerk.

The judgment bears date January 25, 1939, and was filed the same day in the clerk's office. Notice of appeal was served on counsel for the respondent February 28, 1939, and was filed in the clerk's office March 1, 1939.

On the date the notice of appeal was filed, the attorney for appellant filed an affidavit in the office of the clerk of the superior court which contained the following language relative to the notice of appeal:

". . . that on or about the 25th day of January, 1939, defendant's counsel herein served on affiant a proposed order granting defendant's motions for judgment for defendant, n. o. v., and for a new trial, and a proposed copy of judgment for defendant, all in the above entitled case; That the said order bore date before signing as of January 30, 1939; That the said proposed judgment contained a blank as to the day in the month of January, 1939, for signature; That copies thereof were left with affiant who endorsed his o. k. as to form on the said proposed order and judgment; That the said order was so dated apparently on the assumption that it would be presented on the succeeding Motion Day which was January 30, 1939, but having been o. ked. as to form by opposing counsel, was actually presented for signature, the date changed and the order and judgment filed on and as of January 25, 1939; That plaintiff had difficulty in providing money for his appeal bond; That counsel for plaintiff, not knowing of the change in date or the filing of the order and judgment and relying on the copy served on him at his office and the date thereon as of January 30, 1939, delayed serving and filing notice of appeal until the 28th day of February, 1939, assuming that said date was the twenty-ninth (29th) day after entry

of judgment; That he then learned for the first time of the change in date of the said instruments; That the said change in date was not made for the purpose of misleading affiant but the circumstances were such that affiant was misled to the great prejudice of his client; That affiant believes that an order should be made herein permitting the filing of the said notice of appeal and bond as of February 23, 1939 to preserve his rights on appeal."

Counsel for respondent then made and filed an affidavit setting out facts relative to the dates on the order and judgment similar to those contained in the affidavit made by the attorney for appellant.

A hearing was had by the trial court upon the question presented in the affidavits. At the conclusion of the hearing, the court made the following order:

"IT IS ORDERED That plaintiff's notice of appeal herein, together with his cash bond in the sum of Two Hundred ($200.00) Dollars be received as of February 23, 1939, to all of which defendant excepts and his exceptions are hereby allowed."

 The order of the trial court was of no force or effect. Trial courts have no jurisdiction other than to do those things necessary or specifically provided by statute for making the appeal effective. *Kawabe v. Continental Life Ins. Co.*, 97 Wash. 257, 166 Pac. 617; *Van Horne v. Van Horne*, 194 Wash. 606, 78 P. (2d) 1082.

In *Hibbard & Co. v. Morton*, 184 Wash. 569, 52 P. (2d) 313, this court quoted with approval the following language from *Stark v. Jenkins*, 1 Wash. Terr. 421:

"'At the expiration of the time limited the cause of action, *transit in rem judicatam*, and no consent of parties nor willingness of judges can recall a controversy thus wisely, by limitation of our law, passed into the realm of ended suits.'"

There is no provision of our statutes which authorizes a trial court to, by order, change the date of the filing of notice of appeal or the bond on appeal.

There was, as disclosed by the affidavits, no intent on the part of counsel for respondent to in any way mislead appellant's attorney concerning the date of the filing of the judgment.

The judgment was presented to the trial judge in the usual manner and filed in the clerk's office in the ordinary course of business. Its filing date was notice to appellant and his attorney. The notice of appeal was given more than thirty days after the time for appeal began to run. It, therefore, conferred no appellate jurisdiction upon this court.

The appeal is dismissed.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.