[No. 28638. Department Two. March 5, 1942.]

THE STATE OF WASHINGTON *on the Relation of the Department of Public Service et al., Plaintiff,* v. JOHN M. WILSON *and* D. F. WRIGHT, *as Judges of the Superior Court for Thurston County, Respondents.*[1]

[1]Reported in 123 P. (2d) 341.

*The Attorney General, Joseph C. Cheney,* and *Harry A. Bowen, Special Assistants,* for relators.

*McMicken, Rupp & Schweppe (Arthur T. George, Fletcher Rockwood,* and *Alfred Sutro,* of counsel), for respondents.

BLAKE, J.—Relators petitioned this court for a writ of certiorari to review an order of the superior court for Thurston county, the Honorable John M. Wilson, judge, striking a proposed statement of facts filed by relators in the case of State ex rel. Pacific Telephone and Telegraph Company v. Department of Public Service *et al.* Relators also seek a writ of mandate directed to the Honorable D. F. Wright, judge of the superior court for Thurston county, requiring him to certify a statement of facts in the same case.

The case referred to was brought in the superior court for Thurston county on certiorari to review certain orders made by the department of public service

after an extended hearing and inquiry concerning the reasonableness of rates charged by the telephone company. The cause was tried before Judge Wright, who entered a judgment reversing the orders in certain particulars and remanding the proceedings to the department for further action "in accordance with this decree." From that judgment, relators appealed to this court. Having perfected their appeal, they filed with the clerk of the superior court a proposed statement of facts, at which the telephone company directed a motion to strike. When the motion was called up for hearing, Judge Wright was engaged in the trial of a case. The parties then agreed to present the matter to Judge Wilson. He entered an order granting the motion. It is this order which is here for review on certiorari.

In the early case of *State ex rel. Mullen v. Superior Court,* 15 Wash. 376, 46 Pac. 402, this court said:

"When the appeal was perfected the superior court had no jurisdiction to take any action in the proceeding except those specially provided for in the act relating to appeals, and the making of the threatened order was not included among those there provided for. Hence the superior court was without jurisdiction to make such order; and if the defendant was entitled to any relief, such relief could only be afforded him in this court, which alone had general jurisdiction of the proceeding after the appeal had been perfected."

This rule has been followed in many cases. *Canada Settlers' Loan & Trust Co. v. Murray,* 20 Wash. 656, 56 Pac. 368; *Aetna Ins. Co. v. Thompson,* 34 Wash. 610, 76 Pac. 105; *Inland Nursery & Floral Co. v. Rice,* 56 Wash. 21, 104 Pac. 1117; *Gust v. Gust,* 71 Wash. 75, 127 Pac. 566; *Kawabe v. Continental Life Ins. Co.,* 97 Wash. 257, 166 Pac. 617; *Van Horne v. Van Horne,* 194 Wash. 606, 78 P. (2d) 1082; *Isom v. Olympia Oil & Wood Products Co.,* 200 Wash. 642, 94 P. (2d) 482. In the case last cited, the court said, p. 645: "Trial courts have no

jurisdiction other than to do those things necessary or specifically provided by statute for making the appeal effective."

Of course, the striking of a proposed statement of facts can hardly be said to be among the "things necessary . . . for making the appeal effective"; and we can find no specific statutory authority for such action by the superior court. Rem. Rev. Stat., § 1731 [P. C. § 7316], provides:

"Upon the taking of an appeal by notice . . . and the filing of a bond to render the appeal effectual, the supreme court shall acquire jurisdiction . . . for all necessary purposes, . . . But the superior court shall, nevertheless, retain jurisdiction . . . for the purpose of . . . *certifying the bills of exceptions and statements of facts, . . .*" (Italics ours.)

There certainly is no specific provision to be found in the statute authorizing a judge of the superior court to strike a statement of facts. Under the rule of the decisions cited, the superior court is without jurisdiction to make such an order. The order striking the proposed statement of facts will, therefore, be reversed.

■ In his return to the alternative writ of mandamus, Judge Wright avers: "That said proposed statement of facts has never been presented to him for certification; that he does not know the contents thereof; and that he has never refused to certify the same." In face of this return, we are not warranted in making the writ peremptory. *State ex rel. Olympia Nat. Bank v. Lewis,* 62 Wash. 266, 113 Pac. 629.

The application for a writ of mandate will, therefore, be denied, and the alternative writ quashed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.