[No. 31534. Department Two. February 1, 1951.]

CHARLES L. WILSON et al., Appellants, v. MARY KATZER, Individually and as Executrix, et al., Respondents.[1]

Kenneth W. Hill and Wright, Booth & Beresford, for appellants.

Charles B. Welsh, for respondent Katzer.

Russell F. Stark, for respondents Gatens.

MALLERY, J.—Judgment was entered in this cause on September 19, 1949, in Pacific county by a visiting judge, who had heard the case. Thereafter, on December 12, 1949, a motion for a new trial was heard. No complaint is made as to the regularity of that proceeding. The court took the matter under advisement and, on February 2, 1950, signed an order, in another county, overruling the motion. It was filed in Pacific county on the following day.

The plaintiffs moved to vacate the order denying the new

[1] Reported in 226 P. (2d) 910.

trial on the ground that their attorneys had had no notice of the signing of the order in the other county, and that there had been no stipulation by the parties for the signing of the order there.

The motion to vacate was heard in Pacific county on April 27, 1950, and was denied the same day. The plaintiffs appeal from the denial of their motion to vacate.

■ The appellants contend that the court erred in entering the order overruling their motion for a new trial without notice to them or their attorneys of the presentation of the order for signing and entry. As to this assignment we know of no rule of court or statute to the effect that an order, taken under advisement, cannot be signed without first giving notice to the parties that it will be signed, nor does counsel cite any case so holding. See *Isom v. Olympia Oil & Wood Products Co.*, 200 Wash. 642, 94 P. (2d) 482, wherein we said:

"The judgment was presented to the trial judge in the usual manner and filed in the clerk's office in the ordinary course of business. *Its filing date was notice to appellant and his attorney.*" (Italics ours.)

The assignment is without merit.

■ The appellants next contend that the court erred in signing the order in another county when they had not stipulated to allow the court to do so. Rem. Rev. Stat., § 42 [P.P.C. § 109-45], provides otherwise. See, also, *Matheson v. Ward*, 24 Wash. 407, 64 Pac. 520, 85 Am. St. 955. This assignment of error is also without merit.

■ An order denying a new trial is not an appealable order. Rem. Rev. Stat., § 1716 [P.P.C. § 5-1]; *Hayton v. Independent Petroleum Co.*, 27 Wn. (2d) 856, 180 P. (2d) 557.

■ The time for taking an appeal from the judgment began to run from the order denying a new trial, and had lapsed prior to the time the motion to vacate was made. *Tungsten Products v. Kimmel*, 5 Wn. (2d) 572, 105 P. (2d) 822. There was then no way of reaching this court by appeal either from the judgment or from the denial of the motion

for a new trial, nor are either of these objectives accomplished by the instant appeal.

The most that could be accomplished by setting aside the order of denial, would be to secure a rehearing on the motion for a new trial. One may not obtain such a rehearing as a matter of "substantial right" as the term is used in Rem. Rev. Stat., § 1716, subd. 7, which provides for an appeal "From any final order made after judgment, which affects a *substantial right*; . . ." (Italics ours.)

A denial of a *motion to vacate* an order denying a new trial is not an appealable order.

The appeal is dismissed.

SCHWELLENBACH, C. J., ROBINSON, GRADY, and HAMLEY, JJ., concur.